James E. Fitzgerald (5-1469)
Michael J. Fitzgerald (7-5351)
The Fitzgerald Law Firm
2108 Warren Avenue
Cheyenne, WY 82001
307-634-4000 (Telephone)
307-635-2391 (Facsimile)
jim@fitzgeraldlaw.com
michael@fitzgeraldlaw.com

W. Craig Bashein
Bashein & Bashein Company, L.P.A.
50 Public Square
Terminal Tower, 35th Floor
Cleveland, OH 44113
216-539-8437 (Telephone)
216-781-5876 (Facsimile)
cbashein@basheinlaw.com
(*To be admitted Pro Hac Vice*)

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2021 DEC 28  PM 3: 25

MARGARET BOTKINS, CLERK
CHEYENNE

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Patrick Carrel, as Wrongful Death Representative of Deborah Carrel, deceased, and Craig Carrel, individually,  )<br>)<br>)<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>Cadence Premier Cargo, Inc., Cadence Premier )<br>Logistics, LLC, Cadence Premier Logistics Co., )<br>Cadence Premier Logistics, Inc., Cadence )<br>Premier Solutions, Inc., Cadence Truck and )<br>Trailer Sales, LLC, Cadence Truck and Trailer )<br>Leasing LLC, Top Dollar Management, LLC, )<br>MATO Equipment Leasing, LLC, Evhenyi )<br>Melnychuk, Cadence Premier Global, Inc.; )<br>UE Line, Syed Rasool; Flat Creek )<br>Transportation, LLC and Demetrius Moon;  )<br>)<br>Defendants.  ) | Civil Action No. 21cv-236 - F |

1

## COMPLAINT and JURY DEMAND

Patrick Carrel, as Wrongful Death Representative of Deborah Carrel, deceased, and Craig Carrel, individually, bring this *Complaint* against Cadence Premier Cargo, Inc., Cadence Premier Logistics, LLC, Cadence Premier Logistics Co., Cadence Premier Logistics, Inc., Cadence Premier Solutions, Inc., Cadence Truck and Trailer Sales, LLC, Cadence Truck and Trailer Leasing LLC, Top Dollar Management, LLC, MATO Equipment Leasing, LLC, Evhenyi Melnychuk, Cadence Premier Global, Inc.; UE Line, Inc., Syed Rasool: Flat Creek Transportation and Demetrius Moon. In support of this *Complaint*, Plaintiffs allege the following:

1.     Patrick Carrel is a citizen and resident of Utah and is the duly-appointed wrongful death representative of Deborah Carrel, who was a citizen and resident of Michigan. Patrick Carrel brings this action on behalf of those entitled to recover damages for the wrongful death of Deborah Carrel.

2.     Craig Carrel is a citizen and resident of Michigan and was the husband of Deborah Carrel.

3.     Cadence Premier Cargo, Inc., Cadence Premier Logistics, LLC, Cadence Premier Logistics Co., Cadence Premier Logistics, Inc., Cadence Premier Solutions, Inc., Cadence Truck and Trailer Sales, LLC, Cadence Truck and Trailer Leasing, LLC, MATO Equipment Leasing, LLC, Top Dollar Management, LLC and Cadence Premier Global, Inc. are businesses incorporated, organized, established or based in Illinois with their principal places of business in Illinois.  All of the foregoing are hereinafter referred to collectively as "Cadence." Evhenyi

Melnychuk was employed by, an agent of, or otherwise retained, hired or authorized to drive by Cadence.

4.      UE Line, Inc. is incorporated in Illinois with its principal place of business in Illinois. Syed Rasool was employed by, an agent of, or otherwise retained, hired or authorized to drive by UE Line, Inc.

5.      Flat Creek Transportation, LLC is an Alabama limited liability company with its principal place of business in Alabama. Demetrius Moon was employed by, an agent of, or otherwise retained, hired or authorized to drive by Flat Creek Transportation, LLC.

6.      No member or manager of any defendant, and no defendant driver is a citizen of Michigan or Utah.

7.      This Court has diversity jurisdiction over the claims pursuant to 28 U.S.C. §1332 as this is an action between citizens of different states and the amounts in controversy as to each defendant for the wrongful death of Deborah Carrel greatly exceed seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and the amounts in controversy as to each defendant for Craig Carrel's personal injuries and damages greatly exceed seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

8.      Venue is proper in the District of Wyoming under 28 U.S.C. § 1391(a)(2) as a substantial part of the matters, events, and omissions giving rise to the claims occurred in the District of Wyoming.

## FACTS

9.      On or about March 1, 2020, at approximately 3:39 p.m., Plaintiff, Craig Carrel, was operating his company's 2019 Toyota Highlander in a westerly direction on Interstate 80.

10.     Decedent, Deborah Carrel, was traveling as a front seat passenger in the motor vehicle operated by her husband, Craig Carrel, on westbound Interstate 80.

11.     At that time, it was snowing heavily and Plaintiff, Craig Carrel, reduced the speed of his vehicle in order to maintain visibility as well as the ability to react to any hazards in front of him on the freeway.

12.     At that time, a tractor trailer combination operated by Syed Rasool, an employee, contractor, and/or agent of UE Line, Inc., lost control of his vehicle striking another tractor trailer in front of him, jackknifing, and ultimately coming to a stop perpendicular on westbound Interstate 80 blocking all lines of travel.

13.     As Plaintiff, Craig Carrel, approached the blocked roadway including the UE Line tractor trailer jackknifed in front of him, he further reduced his speed but was unable to stop before striking the side of the UE Line tractor trailer near its rear toward the left side of his left lane. Neither Mr. Carrel nor his wife, Deborah Carrel, was injured at the time.

14.     While the Carrells were stopped, a tractor trailer operated by Demetrius Moon, an employee, contractor, and/or agent of Defendant, Flat Creek Transportation, heading westbound behind the Carrel vehicle, struck another tractor trailer which was pushed into the Carrel vehicle causing the Carrells to be further exposed in the Interstate 80 westbound lanes of travel.

15.     Despite this impact, the Carrels were still uninjured and had checked on each other while they were stopped westbound on Interstate 80 when suddenly a tractor trailer operated by Evhenyi Melnychuk, an employee, contractor, and/or agent of Cadence, struck the Carrel vehicle at a high rate of speed causing severe injuries and trauma to the Carrels, including life threatening injuries to Deborah Carrel which ultimately resulted in her death.

4

16.     Video dashboard and electronic data of the Cadence Premier Cargo tractor trailer demonstrate it was driving at a grossly excessive speed on westbound Interstate 80, despite the weather conditions and reduced visibility, and made no virtual effort to attempt to stop before striking multiple tractor trailers at the scene, as well as the Carrel vehicle on the passenger door where Deborah Carrel was seated.

17.     As a result of this severe impact and despite his traumatic injuries, Craig Carrel observed Deborah Carrel suffer serious bodily injuries that ultimately resulted in her death in the vehicle

## I.     CLAIMS FOR RELIEF AGAINST CADENCE AND EVHENYI MELNYCHUK
### A. NEGLIGENCE OF MELNYCHUK AND VICARIOUS LIABILITY OF CADENCE

18.     Plaintiffs incorporate the allegations above and below by reference.

19.     Cadence's driver, Melnychuk, had a duty to use reasonable care under the circumstances while operating a commercial motor vehicle.

20.     Melnychuk had a heightened duty to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction.

21.      Melnychuk had a duty to have the commercial motor vehicle he was driving under reasonable control.

22.     Melnychuk had a duty to keep a proper lookout for other persons using the roadway.

23.     Melnychuk breached his duties when he lost control of the commercial motor vehicle he was driving.

24.     Melnychuk's breach of his duties played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

25.     As Melnychuk was acting within the course and scope of his employment with Cadence when he caused Deborah Carrel's wrongful death and harm to Craig Carrel, Cadence is vicariously liable for Melnychuk's negligence.

## B. NEGLIGENCE – CADENCE

26.     Plaintiffs incorporate the allegations above and below by reference.

27.     Cadence had a duty to use ordinary care in its operations.

28.     Cadence breached its duty to use ordinary care.

29.     Cadence's breach of its duty to use ordinary care played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## C. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – CADENCE

30.     Plaintiffs incorporate the allegations above and below by reference.

31.     Cadence had a duty to use ordinary care in its operations.

32.     Cadence breached its duty to use ordinary care.

33.     Cadence's breach of its duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

## D. NEGLIGENT TRAINING – CADENCE

34.     Plaintiffs incorporate the allegations above and below by reference.

35.     Cadence had a duty to exercise due care in designing a training program that would train its driver to use reasonable care while operating the commercial motor vehicle, to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction, to have the commercial motor vehicle Melmachuk was driving under reasonable control, and to keep a proper lookout for other persons using the roadway.

36.     Cadence breached its duty to train Melnychuk.

37.     Cadence's breach of its duty to train Melnychuk played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## E.  NEGLIGENT HIRING AND RETENTION – CADENCE

38.     Plaintiffs incorporate the allegations above and below by reference.

39.     Cadence had a duty to exercise ordinary care when it hired and retained Melnychuk.

40.     Cadence breached its duty of ordinary care when it hired Melnychuk.

41.     Cadence breached its duty of ordinary care when it retained Melnychuk.

42.     Cadence's breaches of its duties of ordinary care when it hired and retained Melnychuk played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## F.  NEGLIGENT SUPERVISION – CADENCE

43.     Plaintiffs incorporate the allegations above and below by reference.

44.     In the alternative, if Melnychuk was not acting within the course and scope of his employment with Cadence, then Plaintiffs allege that Cadence had a duty to control Melnychuk to prevent him from conducting himself so as to create an unreasonable risk of bodily harm to Deborah and Craig Carrel.

45.     Melnychuk was using a chattel of Cadence, namely the commercial motor vehicle leased to Cadence.

46.     Cadence knew, or had reason to know, that it had the ability to supervise and control Melnychuk.

47.     Cadence knew, or should have known, of the necessity and opportunity for exercising such supervision and control over Melnychuk.

48.     Cadence's breach of its duty to supervise and control Melnychuk played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

### G. NEGLIGENT ENTRUSTMENT – CADENCE

49.     Plaintiffs incorporate the allegations above and below by reference.

50.     Cadence supplied, directly or through a third person, the commercial motor vehicle Melnychuk was operating.

51.     Cadence knew or had reason to know that Melnychuk was likely to use the commercial motor vehicle in a manner involving an unreasonable risk of physical harm to others whom Cadence should expect to be endangered by its use.

52.     Cadence's negligent entrustment of the commercial motor vehicle to Melnychuk played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

### II.     CLAIMS FOR RELIEF AGAINST UE LINE, INC. AND SYED RASOOL

### A. NEGLIGENCE OF RASOOL AND VICARIOUS LIABILITY OF UE LINE, INC.

53.     Plaintiffs incorporate the allegations above and below by reference.

54.     UE Line's driver, Rasool, had a duty to use reasonable care under the circumstances while operating a commercial motor vehicle.

55.     Rasool had a heightened duty to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction.

56.     Rasool had a duty to have the commercial motor vehicle he was driving under reasonable control.

57.     Rasool had a duty to keep a proper lookout for other persons using the roadway.

58.     Rasool breached his duties when he lost control of the commercial motor vehicle he was driving.

59.     Rasool's breach of his duties played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

60.     As Rasool was acting within the course and scope of his employment with UE Line when he negligently caused Deborah Carrel's wrongful death and harm to Craig Carrel, UE Line is vicariously liable for Rasool's negligence.

### B. NEGLIGENCE – UE LINE, INC.

61.     Plaintiffs incorporate the allegations above and below by reference.

62.     UE Line had a duty to use ordinary care in its operations.

63.     UE Line breached its duty to use ordinary care.

64.     UE Line's breach of its duty to use ordinary care played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

### C. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – UE LINE, INC.

65.     Plaintiffs incorporate the allegations above and below by reference.

66.     UE Line had a duty to use ordinary care in its operations.

67.     UE Line breached its duty to use ordinary care.

68.     UE Line's breach of its duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

### D. NEGLIGENT TRAINING – UE LINE, INC.

69.     Plaintiffs incorporate the allegations above and below by reference.

70.     UE Line had a duty to exercise due care in designing a training program that would train its driver to use reasonable care while operating the commercial motor vehicle, to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction, to have the commercial motor vehicle he was driving under reasonable control, and to keep a proper lookout for other persons using the roadway.

71.     UE Line breached its duty to train Rasool.

72.     UE Line's breach of its duty to train Rasool played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

### E.  NEGLIGENT HIRING AND RETENTION – UE LINE, INC.

73.     Plaintiffs incorporate the allegations above and below by reference.

74.     UE Line had a duty to exercise ordinary care when it hired and retained Rasool.

75.     UE Line breached its duty of ordinary care when it hired Rasool.

76.     UE Line breached its duty of ordinary care when it retained Rasool.

77.     UE Line's breaches of its duties of ordinary care when it hired and retained Rasool played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

### III.     NEGLIGENT SUPERVISION – UE LINE, INC.

78.     Plaintiffs incorporate the allegations above and below by reference.

79.     In the alternative, if Rasool was not acting within the course and scope of his employment with UE Line, then Plaintiffs allege that UE Line had a duty to control Rasool to prevent him from conducting himself so as to create an unreasonable risk of bodily harm to Deborah and Craig Carrel.

80.     Rasool was using a chattel of UE Line, namely UE Line's commercial motor vehicle.

81.     UE Line knew, or had reason to know, that it had the ability to supervise and control Rasool.

82.     UE Line knew, or should have known, of the necessity and opportunity for exercising such supervision and control over Rasool.

83.     UE Line's breach of its duty to supervise and control Rasool played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

### IV. NEGLIGENT ENTRUSTMENT – UE LINE, INC.

84.     Plaintiffs incorporate the allegations above and below by reference.

85.     UE Line supplied, directly or through a third person, the commercial motor vehicle Rasool was operating.

86.     UE Line knew or had reason to know that Rasool was likely to use the commercial motor vehicle in a manner involving an unreasonable risk of physical harm to others whom UE Line should expect to be endangered by its use.

87.     UE Line's negligent entrustment of the commercial motor vehicle to Rasool played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

### V.     CLAIMS FOR RELIEF AGAINST FLAT CREEK TRANSPORTATION, LLC AND DEMETRIUS MOON

#### A. NEGLIGENCE OF MOON AND VICARIOUS LIABILITY OF FLAT CREEK TRANSPORTATION, LLC

88.     Plaintiffs incorporate the allegations above and below by reference.

89.     Flat Creek's driver, Moon, had a duty to use reasonable care under the circumstances while operating a commercial motor vehicle.

90.     Moon had a heightened duty to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction.

91.     Moon had a duty to have the commercial motor vehicle he was driving under reasonable control.

92.     Moon had a duty to keep a proper lookout for other persons using the roadway.


93.     Moon breached his duties when he lost control of the commercial motor vehicle he was driving.

94.     Moon's breach of his duties played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

95.     As Moon was acting within the course and scope of his employment with Flat Creek Transportation when he negligently caused Deborah Carrel's wrongful death and harm to Craig Carrel, Flat Creek Transportation is vicariously liable for Moon's negligence.

### B. NEGLIGENCE – FLAT CREEK TRANSPORTATION, LLC

96.     Plaintiffs incorporate the allegations above and below by reference.

97.     Flat Creek Transportation had a duty to use ordinary care in its operations.

98.     Flat Creek Transportation breached its duty to use ordinary care.

99.     Flat Creek Transportation's breach of its duty to use ordinary care played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

### C. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – FLAT CREEK TRANSPORTATION, LLC

100.    Plaintiffs incorporate the allegations above and below by reference.

101.    Flat Creek Transportation had a duty to use ordinary care in its operations.

102.    Flat Creek Transportation breached its duty to use ordinary care.

103. Flat Creek Transportation's breach of its duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

**D. NEGLIGENT TRAINING – FLAT CREEK TRANSPORTATION, INC.**

104. Plaintiffs incorporate the allegations above and below by reference.

105. Flat Creek Transportation had a duty to exercise due care in designing a training program that would train its driver to use reasonable care while operating the commercial motor vehicle, to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction, to have the commercial motor vehicle he was driving under reasonable control, and to keep a proper lookout for other persons using the roadway.

106. Flat Creek Transportation breached its duty to train Moon.

107. Flat Creek Transportation's breach of its duty to train Moon played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

**E. NEGLIGENT HIRING AND RETENTION – FLAT CREEK TRANSPORTATION, LLC**

108. Plaintiffs incorporate the allegations above and below by reference.

109. Flat Creek Transportation had a duty to exercise ordinary care when it hired and retained Moon.

110. Flat Creek Transportation breached its duty of ordinary care when it hired Moon.

111. Flat Creek Transportation breached its duty of ordinary care when it retained Moon.

112. Flat Creek Transportation's breaches of its duties of ordinary care when it hired and retained Moon played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## F.  NEGLIGENT SUPERVISION – FLAT CREEK TRANSPORTATION, LLC

113.    Plaintiffs incorporate the allegations above and below by reference.

114.    In the alternative, if Moon was not acting within the course and scope of his employment with Flat Creek Transportation, then Plaintiffs allege that Flat Creek Transportation had a duty to control Moon to prevent him from conducting himself so as to create an unreasonable risk of bodily harm to Deborah and Craig Carrel.

115.    Moon was using a chattel of Flat Creek Transportation, namely Flat Creek Transportation's commercial motor vehicle.

116.    Flat Creek Transportation knew, or had reason to know, that it had the ability to supervise and control Moon.

117.    Flat Creek Transportation knew, or should have known, of the necessity and opportunity for exercising such supervision and control over Moon.

118.    Flat Creek Transportation's breach of its duty to supervise and control Moon played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## G.  NEGLIGENT ENTRUSTMENT – FLAT CREEK TRANSPORTATION, LLC

119.    Plaintiffs incorporate the allegations above and below by reference.

120.    Flat Creek Transportation supplied, directly or through a third person, the commercial motor vehicle Moon was operating.

121.    Flat Creek Transportation knew or had reason to know that Moon was likely to use the commercial motor vehicle in a manner involving an unreasonable risk of physical harm to others whom Flat Creek Transportation should expect to be endangered by its use.

122.    Flat Creek Transportation's negligent entrustment of the commercial motor vehicle to Moon played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## COMPENSATORY DAMAGES

123.    As a result of defendants' conduct, those entitled to claim under Wyoming law have been damaged in the loss of probable future companionship, society, and support of Deborah Carrel.

124.    As a result of defendants' conduct, Craig Carrel sustained physical injuries, including disability and disfigurement, incurred medical expenses in the past and will incur medical expenses in the future, suffered and will suffer future emotional distress and loss of enjoyment of life, suffered and will suffer future pain, and sustained the loss of his wife's probable future companionship, society and comfort, and her earnings and earning capacity.

## EXEMPLARY DAMAGES

The misconduct of defendants and each of them consisted of willful, unlawful and wanton disregard of the Carrel family's rights and willful and wanton disregard of the consequences of their acts, such that the claimants are each entitled to an award of exemplary damages in such amounts as will deter defendants and others similarly situated from similar conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment against Defendants, and each of them, in an amount greatly in excess of seventy-five thousand dollars ($75,000.00), this Court's jurisdictional requirement, for compensatory and exemplary damages, and interest, costs, disbursements and such other relief as may be permitted by law.

## JURY DEMAND

Plaintiffs demand trial by jury.

Dated: December 28, 2021.

James E. Fitzgerald (5-1469)
Michael J. Fitzgerald (7-5351)
The Fitzgerald Law Firm
2108 Warren Avenue
Cheyenne, WY 82001
307-634-4000 (Telephone)
307-635-2391 (Facsimile)
jim@fitzgeraldlaw.com
michael@fitzgeraldlaw.com

-and-

W. Craig Bashein
Bashein & Bashein Company, L.P.A.
50 Public Square
Terminal Tower, 35th Floor
Cleveland, OH 44113
216-539-8437 (Telephone)
216-781-5876 (Facsimile)
cbashein@basheinlaw.com
(*To be admitted Pro Hac Vice*)

16