James E. Fitzgerald (5-1469)
Michael J. Fitzgerald (7-5351)
The Fitzgerald Law Firm
2108 Warren Avenue
Cheyenne, WY 82001
307-634-4000 (Telephone)
307-635-2391 (Facsimile)
jim@fitzgeraldlaw.com
michael@fitzgeraldlaw.com

W. Craig Bashein
Bashein & Bashein Company, L.P.A.
50 Public Square
Terminal Tower, 35th Floor
Cleveland, OH 44113
216-539-8437 (Telephone)
216-781-5876 (Facsimile)
cbashein@basheinlaw.com
(*To be admitted Pro Hac Vice*)



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| Patrick Carrel, as Wrongful Death Representative of Deborah Carrel, deceased, and Craig Carrel, individually, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 21-CV-236-F |
| Cadence Premier Cargo, Inc., Cadence Premier Logistics, LLC, Cadence Premier Logistics Co., Cadence Premier Logistics, Inc., Cadence Premier Solutions, Inc., Cadence Truck and Trailer Sales, LLC, Cadence Truck and Trailer Leasing, LLC, Top Dollar Management, LLC, MATO Equipment Leasing, LLC, Evhenyi Melmychuk, Evhenyi Melnychuk, Evhenyi Melnychuck, Cadence Premier Global, Inc., UE Line, Inc., Syed Rasool, Syed Rassol, Flat Creek Transportation, LLC, Demetrius Moon, JAP Express, Inc., Gurdeep Singh, Gurinder | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

Singh, JAP Express, LLC,                            )
Tags Carrier, LLC, Alex Lopez,                      )
Greenvans, LLC, The Ballroom Thieves Touring,       )
LLC, Daniel Schwartz, Eich Trucking, LLC,           )
Kenneth Priem, Kivi Bros Trucking, Inc.,            )
Kivi Bros. Leasing, Inc., Matt Cichon,              )
Mustang Express, LLC, Slobodan Bosnjak,             )
D Logistics Inc., Alexander Yarkov,                 )
A.Y.Fox888, Inc., 995 Transport, LLC,               )
F Logistics, LLC, Estanisola Perez Reyes,           )
Estanislao Perez, Sr., AGM Transport, Inc.,         )
GR Leasing, LLC, and Junior Occean Lundy,           )
                                                    )
        Defendants.                                 )

---

## PLAINTIFFS' FIRST AMENDED COMPLAINT and JURY DEMAND

---

Patrick Carrel, as Wrongful Death Representative of Deborah Carrel, deceased, and Craig

Carrel, individually, bring this *Amended Complaint*, pursuant to Rule 15(a)(1)(B) of the Federal

Rules of Civil Procedure, against Cadence Premier Cargo, Inc., Cadence Premier Logistics, LLC,

Cadence Premier Logistics Co., Cadence Premier Logistics, Inc., Cadence Premier Solutions, Inc.,

Cadence Truck and Trailer Sales, LLC, Cadence Truck and Trailer Leasing LLC, Top Dollar

Management, LLC, MATO Equipment Leasing, LLC, Evhenyi Melmychuk, Evhenyi Melnychuk,

Evhenyi Melnychuck, Cadence Premier Global, Inc., UE Line, Inc., Syed Rasool, Syed Rassol,

Flat Creek Transportation, LLC, Demetrius Moon, JAP Express, Inc., Gurdeep Singh, Gurinder

Singh, JAP Express, LLC, Tags Carrier, LLC, Alex Lopez, Greenvans, LLC, The Ballroom

Thieves Touring, LLC, Daniel Schwartz, Eich Trucking, LLC, Kenneth Priem, Kivi Bros.

Trucking, Inc., Kivi Bros. Leasing, Inc., Matt Cichon, Mustang Express, LLC, Slobodan Bosnjak,

D Logistics, Inc., Alexander Yarkov, A.Y.Fox888, Inc., 995 Transport, LLC, F Logistics, LLC,

Estanisola Perez Reyes, Estanislao Perez, Sr., AGM Transport, Inc., GR Leasing, LLC, and Junior Occean Lundy.  In support of this *Amended Complaint*, Plaintiffs state and allege the following:

Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within: 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Plaintiffs filed the *Complaint* in this matter on December 28, 2021. Doc. No. 1. To date, no responsive pleading or motion under Rule 12(b), (e), or (f) has been filed.

## PARTIES

1.     Patrick Carrel is a citizen and resident of Utah and is the duly-appointed wrongful death representative of Deborah Carrel, who was a citizen and resident of Michigan.  Patrick Carrel brings this action on behalf of those entitled to recover damages for the wrongful death of Deborah Carrel.

2.     Craig Carrel is a citizen and resident of Michigan and was the husband of Deborah Carrel.

3.     Cadence Premier Cargo, Inc., Cadence Premier Logistics, LLC, Cadence Premier Logistics Co., Cadence Premier Logistics, Inc., Cadence Premier Solutions, Inc., Cadence Truck and Trailer Sales, LLC, Cadence Truck and Trailer Leasing, LLC, MATO Equipment Leasing, LLC, Top Dollar Management, LLC and Cadence Premier Global, Inc. are businesses incorporated, organized, established or based in Illinois with their principal places of business in Illinois. All of the foregoing Defendants are hereinafter referred to collectively as "Cadence." Evhenyi Melmychuk, Evhenyi Melnychuk and/or Eyhenyi Melnychuck (hereinafter sometimes collectively referred to as "Evhenyi") was employed by, an agent of, a contractor of, or otherwise

retained, hired or authorized to drive by Cadence and was at all relevant times acting in the course and scope of his employment with, under the direction and control of and/or in an agency relationship with Cadence.

4.      UE Line, Inc. is incorporated in Illinois with its principal place of business in Illinois.  Syed Rasool and/or Syed Rassol was employed by, an agent of, a contractor of, or otherwise retained, hired or authorized to drive by UE Line, Inc. and was at all relevant times acting in the course and scope of his employment with, under the direction and control of and/or in an agency relationship with Cadence.

5.      Flat Creek Transportation, LLC is an Alabama limited liability company with its principal place of business in Alabama.  Demetrius Moon was employed by, an agent of, a contractor of, or otherwise retained, hired or authorized to drive by Flat Creek Transportation, LLC and was at all relevant times acting in the course and scope of his employment with, under the direction and control of and/or in an agency relationship with Flat Creek Transportation, LLC.

6.      JAP Express, Inc., is a California corporation with its principal place of business in California.

7.      Gurdeep Singh and/or Gurinder Singh are California residents who, upon information and belief, were members, owners and/or agents of JAP Express, Inc. and who also had an ownership interest in the commercial vehicle Alex Lopez was operating at the time of the incident at issue in this lawsuit.

8.      JAP Express, LLC is a Texas limited liability company with its principal place of business in Texas.

9.      Tags Carrier, LLC is a Georgia limited liability company with its principal place of business in Georgia.

4

10.     Alex Lopez was employed by, an agent of, a contractor of, or otherwise retained, hired or authorized to drive by JAP Express, Inc., Gurdeep Singh, Gurinder Singh, JAP Express, LLC and/or Tags Carrier, LLC, and was at all relevant times acting in the course and scope of his employment with, under the direction and control of and/or in an agency relationship with JAP Express, Inc., Gurdeep Singh, Gurinder Singh, JAP Express, LLC and/or Tags Carrier, LLC.

11.     Greenvans, LLC, is a Pennsylvania limited liability company with its principal place of business in Pennsylvania. Greenvans, LLC owned and leased or rented one of the vehicles involved in the crash to The Ballroom Thieves Touring, LLC, Daniel Schwartz and/or persons acting on either of their behalf.

12.     The Ballroom Thieves Touring, LLC is a Maine Limited Liability Company with its principal place of business and registered agent located in Maine.

13.     Daniel Schwartz was the operator of the vehicle owned by Greenvans, LLC and leased and/or rented by The Ballroom Thieves Touring, LLC or one of its members acting on its behalf. Schwartz was employed by, an agent of, a contractor of, or otherwise retained, hired or authorized by The Ballroom Thieves Touring, LLC to operate the vehicle owned by Greenvans, LLC and leased and/or rented by The Ballroom Thieves Touring, LLC or its agents or employees, and Schwartz was at all relevant times acting in the course and scope of his employment with, under the direction and control of and/or in an agency relationship with The Ballroom Thieves Touring, LLC.

14.     Eich Trucking LLC., is a Minnesota limited liability company with its principal place of business in Minnesota. Kenneth Priem was employed by, an agent of, a contractor of, or otherwise retained, hired or authorized to drive by Eich Trucking, LLC, and was at all relevant

times acting in the course and scope of his employment with, under the direction and control of and/or in an agency relationship with Eich Trucking, LLC.

15.    Kivi Bros. Trucking, Inc. and Kivi Bros. Leasing, Inc. (hereinafter sometimes collectively referred to as "Kivi Bros.") are Minnesota corporations and/or limited liability companies with their principal places of business in Minnesota. Matt Cichon was employed by, an agent of, a contractor of, or otherwise retained, hired or authorized to drive by Kivi Bros., and was at all relevant times acting in the course and scope of his employment with, under the direction and control of and/or in an agency relationship with Kivi Bros.

16.    Mustang Express, LLC, is an Indiana limited liability company with its principal place of business in Indiana. Slobodan Bosnjak was employed by, an agent of, a contractor of, or otherwise retained, hired or authorized to drive by Mustang Express, LLC, and was at all relevant times acting in the course and scope of his employment with, under the direction and control of and/or in an agency relationship with Mustang Express, LLC.

17.    995 Transport, LLC, is a Florida limited liability company with its principal place of business in Florida. F Logistics, LLC is believed to be a Florida business entity related to 995 Transport, LLC, Estanisola Perez Reyes and/or Estanislao Perez, Sr. with its principal place of business in Florida. Estanisola Perez Reyes and/or Estanislao Perez, Sr. was employed by, was an agent of, a contractor of, or otherwise was retained, hired or authorized to drive by 995 Transport, LLC and/or F Logistics, LLC, and was at all relevant times acting in the course and scope of his employment with, under the direction and control of and/or in an agency relationship with 995 Transport, LLC and/or F Logistics, LLC.

18.    D Logistics, Inc., is an Illinois limited liability company with its principal place of business in Illinois. Alexander Yarkov was employed by, an agent of, a contractor of, or otherwise

6

retained, hired or authorized to drive by D Logistics, Inc., and was at all relevant times acting in the course and scope of his employment with, under the direction and control of and/or in an agency relationship with D Logistics, Inc.

19.     A.Y.Fox888, Inc. is a Florida corporation with its principal place of business in Florida. Alexander Yarkov is an officer and director and the registered agent of A.Y.Fox888, Inc. To the extent any contractual agreements existed between A.Y.Fox888, Inc. and any other Defendant, including but not limited to D Logistics, Inc, Defendant Alexander Yarkov was also employed by, an agent of, a contractor of, or otherwise authorized to enter into such contracts and drive by A.Y.Fox888, Inc., and was at all relevant times acting in the course and scope of his employment with, under the direction and control of and/or in an agency relationship with A.Y.Fox888, Inc.

20.     AGM Transport, Inc. is an Illinois corporation, and GR Leasing, LLC is an Illinois limited liability company. Both of these inter-related businesses have their principal place of business in Illinois and are hereinafter sometimes collectively referred to as "AGM Transport." Junior Occean Lundy was employed by, an agent of, a contractor of or otherwise retained, hired or authorized to drive by AGM Transport and was at all relevant times acting in the course and scope of his employment with, under the direction and control of and/or in an agency relationship with AGM Transport.

21.     No Defendant, or member or manager of any Defendant, is a citizen of Michigan or Utah.

## JURISDICTION AND VENUE

22.     *Personal Jurisdiction.*  This Court has personal jurisdiction over all Defendants because of their continuous and systematic contacts with the State of Wyoming.

23. *Subject Matter Jurisdiction.* This Court has diversity jurisdiction over the claims pursuant to 28 U.S.C. § 1332 as this is an action between citizens of different states and the amounts in controversy as to each defendant for the wrongful death of Deborah Carrel greatly exceed seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and the amounts in controversy as to each defendant for Craig Carrel's personal injuries and damages greatly exceed seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

24. *Venue.* Venue is proper in the District of Wyoming under 28 U.S.C. § 1391(a)(2) since a substantial part of the matters, events, and omissions giving rise to the claims occurred in Wyoming.

## FACTS

25. On or about March 1, 2020, at approximately 3:39 p.m., Plaintiff, Craig Carrel, was operating his company's 2019 Toyota Highlander in a westerly direction on Interstate 80.

26. Decedent, Deborah Carrel, was traveling as a front seat passenger in the motor vehicle operated by her husband, Craig Carrel, on westbound Interstate 80.

27. At that time, it was snowing heavily and Plaintiff, Craig Carrel, reduced the speed of his vehicle in order to maintain visibility as well as the ability to react to any hazards in front of him on the freeway.

28. At that time, a tractor trailer combination operated by Syed Rasool and/or Syed Rassol, an employee, contractor, and/or agent of UE Line, Inc., negligently lost control of his vehicle and struck another tractor trailer in front of him owned and controlled by JAP Express, Inc., Gurdeep Singh, Gurinder Singh, JAP Express, LLC and/or Tag Carriers, LLC and operated by Alex Lopez in a negligent manner.

29.     This collision caused the tractor trailer driven by Rasool and/or Rassol and owned and controlled by UE Line, Inc. to jackknife, and ultimately come to a stop perpendicular on westbound Interstate 80, thereby blocking all lanes of travel.

30.     Thereafter, a 2016 Ford Passenger van (towing a U-Haul trailer) owned by Greenvans, LLC, leased, rented or furnished to The Ballroom Thieves Touring, LLC or its managers, members, employees or agents, including Daniel Schwartz, and driven by Schwartz, was negligently operated and came to rest in the median with the attached U-Haul trailer partially on and further blocking the roadway to oncoming traffic, including the Carrels.

31.     At or around the time that Plaintiff Craig Carrel approached the blocked roadway, including the UE Line, Inc. tractor trailer jackknifed in front of him, and the Greenvans, LLC van and attached U-Haul trailer that was partially blocking the roadway, Carrel further reduced his speed but was unable to stop before striking the side of the UE Line, Inc. tractor trailer near its rear toward the left side of his left lane. Neither Mr. Carrel nor his wife, Deborah Carrel, was significantly injured at the time.

32.     While the Carrells were stopped, a tractor trailer owned and/or controlled by Defendant Eich Trucking, LLC and negligently operated by its employee, contractor, and/or agent, Defendant Kenneth Priem, struck the Carrel's vehicle from behind and displaced it rearward, causing the Carrells to be further exposed to additional oncoming traffic from the Interstate 80 westbound lanes of travel.

33.     Thereafter, a tractor trailer owned and/or controlled by Defendants Kivi Bros. Trucking, Inc. and/or Kivi Bros. Leasing, Inc., and negligently operated by its employee, contractor, and/or agent, Defendant Matt Cichon, came to a stop in the right lane of travel westbound on Interstate 80, causing further obstructions and impediments to oncoming vehicles.

34.     Thereafter, a tractor trailer combination owned and/or controlled by Defendant Mustang Express, LLC, and negligently operated by its employee, contractor, and/or agent, Defendant Slobodan Bosnjak, struck the left rear of the Kivi Bros. tractor trailer, causing even further obstructions and impediments to oncoming vehicles.

35.     Thereafter, a tractor trailer combination owned and/or controlled by Defendant 995 Transport, LLC and/or F Logistics, LLC, and negligently operated by its and/or their employee, contractor, and/or agent, Defendant Estanisola Perez Reyes and/or Defendant Estanislao Perez, Sr., jack-knifed, striking the rear side of the Kivi Bros. tractor trailer. This caused the tractor trailer combination owned and/or controlled by Defendant 995 Transport, LLC and/or Defendant F Logistics, LLC to become partially sideways and caused further obstructions and impediments to oncoming vehicles.

36.     The negligent actions and/or omissions by the operators of the tractor trailers owned and/or controlled by the Kivi Bros. Defendants, Defendant Mustang Express, LLC and Defendant 995 Transport, LLC and/or Defendant F Logistics, LLC had the combined effect of obstructing portions of the roadway, cutting off the right of way for oncoming vehicles, channeling oncoming vehicles towards the Carrel's vehicle, and contributing to the ensuing collisions by other oncoming vehicles, including ensuing collisions into the Carrels' vehicle, as well as ensuing collisions that further obstructed the roadway and further channeled other oncoming vehicles into the Carrel's vehicle.

37.     Thereafter, a tractor trailer combination owned and/or controlled by Defendant D Logistics, Inc. and negligently operated by its employee, contractor, and/or agent, Defendant Alexander Yarkov and/or A.Y.Fox888, Inc., struck a portion of the U-Haul trailer attached to the Greenvans, LLC van that had been negligently operated by Schwartz, thereby negligently causing

further obstructions and impediments to oncoming vehicles and further channeling other oncoming vehicles into the Carrel's vehicle.  At all relevant times, Defendant Yarkov may have also been acting in the course and scope of his employment and/or in an agency relationship with Defendant A.Y.Fox888, Inc.

38.     Thereafter, a tractor trailer combination owned and/or controlled by Defendant AGM Transport, Inc. and/or GR Leasing, LLC, and negligently operated by its employee, contractor, and/or agent, Defendant Junior Occean Lundy, approached the scene in the left lane, started to jack-knife, struck the tractor trailer combination owned and/or controlled by Defendant D Logistics, Inc. that had been negligently driven by Yarkov, and pushed it further into the U-Haul trailer attached to the Greenvans, LLC van that had been negligently operated by Schwartz. Defendant Lundy's negligence caused obstructions and impediments to oncoming vehicles and further channeled other oncoming vehicles into the Carrel's vehicle.

39.     Thereafter, a tractor bob-tail unit owned and/or controlled by a non-party, while attempting to steer into the median, was struck by the tractor trailer owned and/or controlled by Defendant Flat Creek Transportation, LLC and negligently operated by its employee, contractor, and/or agent, Defendant Demetrius Moon.  These negligent acts and/or omissions by Defendant Flat Creek Transportation, LLC and its driver Moon pushed the non-party tractor bob-tail unit into the Carrels' vehicle, causing further injuries to the Carrels and further exposing them to oncoming traffic that was being channeled their way due to the negligence of various Defendants as described in the Paragraphs above. Despite this impact and any injuries sustained, decedent was still alive.

40.     After striking the tractor bob-tail unit owned and/or controlled by a non-party, the tractor trailer owned and/or controlled by Flat Creek Transportation, LLC and operated by its employee, contractor, and/or agent, Defendant Demetrius Moon, continued to jack-knife and then

collided with other tractor trailers, including those owned and/or controlled by Defendants 995 Transport, LLC and/or F Logistics, LLC, Mustang Express, LLC, the Kivi Bros. Defendants and AGM Transport, Inc. and/or GR Leasing, LLC. These negligent acts and/or omissions resulted in further obstructions and impediments to oncoming vehicles and further channeled other oncoming vehicles directly into the Carrel's vehicle.

41.     Thereafter, a tractor trailer owned and/or controlled by the Cadence Defendants, and negligently operated by its employee, contractor, and/or agent, Defendant Evhenyi Melmychuk, Evhenyi Melnychuk or Evhenyi Melnychuck, negligently struck the Carrels' vehicle at a high rate of speed resulting in severe and permanent injuries and trauma to the Carrels.

42.     Video dashboard and electronic data of the Cadence tractor trailer demonstrate it was driving at a grossly excessive speed on westbound Interstate 80, despite the weather conditions and reduced visibility, and made no virtual effort to attempt to stop before striking multiple tractor trailers at the scene, as well as the Carrel vehicle on the passenger door where Deborah Carrel was seated.

43.     As a result of this severe impact and despite his own traumatic, severe and permanent injuries, Craig Carrel observed Deborah Carrel suffer serious and permanent bodily injuries which ultimately resulted in her death.

44.     The negligent acts and/or omissions of each of the Defendants, including each of the corporate Defendants and each of the Defendant drivers, is a proximate cause of and/or contributed to the Carrels' injuries, as well as Deborah Carrel's wrongful death.

## HAZARDOUS CONDITIONS

45.     Upon information and belief, Defendants Cadence, UE Line, Inc., Flat Creek Transportation, LLC, JAP Express, Inc., Gurdeep Singh, Gurinder Singh, JAP Express, LLC, Tags

Carrier, LLC, Eich Trucking, LLC, Kivi Bros. Trucking, Inc., Kivi Bros. Leasing, Inc., Mustang Express, LLC, D Logistics, Inc., A.Y.Fox888, Inc., 995 Transport, LLC, F Logistics, LLC, AGM Transport, Inc. and GR Leasing, LLC all utilize technology and communications systems which allow them to capture, collect, record and analyze data about weather and road condition in real time which they then use to transmit instructions to their drivers in order to avoid hazardous conditions or unsafe roadways.

46.     All of the Defendants, individually and collectively, have a duty to eliminate needless danger to members of the public and their employees which would result from knowingly placing their drivers in unsafe or hazardous driving conditions.

47.     Upon information and belief, it is the policy and practice of the foregoing Defendants to use telecommunications systems to instruct their drivers as to road conditions and the need for alternate routes and, as such, said Defendants' drivers relied upon the foregoing Defendants to inform them when hazardous conditions existed and whether to continue or to avoid them.

48.     Upon information and belief, on the date of the incident that forms the basis of this lawsuit, the hazardous road and weather conditions data was captured, collected and analyzed by the Defendants.

49.     Defendants knew or should have known that weather conditions along the I-80 corridor in southwestern Wyoming on the day of the accident were extremely poor with a large amount of accumulated snow and ice on the road and snow and blowing snow causing white-out conditions of almost zero visibility.

50.     Defendants knew or should have known that the extremely poor road and weather conditions created an unduly dangerous driving situation which posed extreme risk of injury to members of the public, including due to the size and weight of their commercial vehicles.

51.     Defendants had the means and the ability to instruct their drivers to take an alternate route to avoid hazardous road and weather conditions or to stop and wait for conditions to improve.

52.     Upon information and belief, on the date of the incident the Defendants did not instruct their drivers to take alternate routes, to stop and wait for conditions to improve, or to otherwise avoid the hazardous conditions.

## DUTIES

53.     The Cadence Defendants have a duty to supervise and ensure that its and/or their employee or agent truck drivers are properly screened, licensed and trained to drive safely and abide by all applicable laws and regulations.

54.     The Cadence Defendants have a duty to the public to avoid knowingly placing its and/or their commercial truck drivers in hazardous or unsafe conditions which would pose a foreseeable risk of serious injury or death to members of the public, including decedent and Craig Carrel.

55.     The Cadence Defendants, as interstate carriers, is and/or are subject to the laws, rules and regulations set forth in the Federal Motor Carrier Safety Act.

56.     Upon information and belief, the actions and omissions of the Cadence Defendants' driver on the date of the incident, Evhenyi Melmychuk, Evhenyi Melnychuk and/or Evhenyi Melnychuck, which were a proximate cause of and contributed to the incident and to decedent's injuries and death and to Craig Carrel's injuries, were authorized, approved and/or ratified by the Cadence Defendants.

14

57.     Defendant UE Line, Inc. has a duty to supervise and ensure that its employee or agent truck drivers are properly screened, licensed and trained to drive safely and abide by all applicable laws and regulations.

58.     Defendant UE Line, Inc. has a duty to the public to avoid knowingly placing its commercial truck drivers in hazardous or unsafe conditions which would pose a foreseeable risk of serious injury or death to members of the public, including decedent and Craig Carrel.

59.     Defendant UE Line, Inc., as an interstate carrier, is subject to the laws, rules and regulations set forth in the Federal Motor Carrier Safety Act.

60.     Upon information and belief, the actions and omissions of UE Line, Inc.'s driver on the date of the incident, Syed Rasool and/or Syed Rassol, which were a proximate cause of and contributed to the incident and to decedent's injuries and death and to Craig Carrel's injuries, were authorized, approved and/or ratified by Defendant UE Line, Inc.

61.     Defendant Flat Creek Transportation, LLC has a duty to supervise and ensure that its employee or agent truck drivers are properly screened, licensed and trained to drive safely and abide by all applicable laws and regulations.

62.     Defendant Flat Creek Transportation, LLC has a duty to the public to avoid knowingly placing its commercial truck drivers in hazardous or unsafe conditions which would pose a foreseeable risk of serious injury or death to members of the public, including decedent and Craig Carrel.

63.     Defendant Flat Creek Transportation, LLC, as an interstate carrier, is subject to the laws, rules and regulations set forth in the Federal Motor Carrier Safety Act.

64.     Upon information and belief, the actions and omissions of Flat Creek Transportation, LLC's driver on the date of the incident, Demetrius Moon, which were a proximate

cause of and contributed to the incident and to decedent's injuries and death and to Craig Carrel's injuries, were authorized, approved and/or ratified by Defendant Flat Creek Transportation, LLC.

65.     Defendants JAP Express, Inc., Gurdeep Singh, Gurinder Singh, JAP Express, LLC and/or Tags Carrier, LLC have a duty to supervise and ensure that its employee or agent truck drivers are properly screened, licensed and trained to drive safely and abide by all applicable laws and regulations.

66.     Defendants JAP Express, Inc., Gurdeep Singh, Gurinder Singh, JAP Express, LLC and/or Tags Carrier, LLC have a duty to the public to avoid knowingly placing its commercial truck drivers in hazardous or unsafe conditions which would pose a foreseeable risk of serious injury or death to members of the public, including decedent and Craig Carrel.

67.     Defendants JAP Express, Inc., Gurdeep Singh, Gurinder Singh, JAP Express, LLC and/or Tags Carrier, LLC, as interstate carriers, are subject to the laws, rules and regulations set forth in the Federal Motor Carrier Safety Act.

68.     Defendant Eich Trucking, LLC has a duty to supervise and ensure that its employee or agent truck drivers are properly screened, licensed and trained to drive safely and abide by all applicable laws and regulations.

69.     Defendant Eich Trucking, LLC has a duty to the public to avoid knowingly placing its commercial truck drivers in hazardous or unsafe conditions which would pose a foreseeable risk of serious injury or death to members of the public, including decedent and Craig Carrel.

70.     Defendant Eich Trucking, LLC, as an interstate carrier, is subject to the laws, rules and regulations set forth in the Federal Motor Carrier Safety Act.

71.     Defendants Kivi Bros. Trucking, Inc. and Kivi Bros. Leasing, Inc. have a duty to supervise and ensure that its employee or agent truck drivers are properly screened, licensed and trained to drive safely and abide by all applicable laws and regulations.

72.     Defendants Kivi Bros. Trucking, Inc. and Kivi Bros. Leasing, Inc. have a duty to the public to avoid knowingly placing its commercial truck drivers in hazardous or unsafe conditions which would pose a foreseeable risk of serious injury or death to members of the public, including decedent and Craig Carrel.

73.     Defendants Kivi Bros. Trucking, Inc. and Kivi Bros. Leasing, Inc., as interstate carriers, are subject to the laws, rules and regulations set forth in the Federal Motor Carrier Safety Act.

74.     Defendant Mustang Express, LLC has a duty to supervise and ensure that its employee or agent truck drivers are properly screened, licensed and trained to drive safely and abide by all applicable laws and regulations.

75.     Defendant Mustang Express, LLC has a duty to the public to avoid knowingly placing its commercial truck drivers in hazardous or unsafe conditions which would pose a foreseeable risk of serious injury or death to members of the public, include decedent and Craig Carrel.

76.     Defendant Mustang Express, LLC, as an interstate carrier, is subject to the laws, rules and regulations set forth in the Federal Motor Carrier Safety Act.

77.     Defendant D Logistics, Inc. has a duty to supervise and ensure that its employee or agent truck drivers are properly screened, licensed and trained to drive safely and abide by all applicable laws and regulations.

78.    Defendant D Logistics, Inc. has a duty to the public to avoid knowingly placing its commercial truck drivers in hazardous or unsafe conditions which would pose a foreseeable risk of serious injury or death to members of the public, including decedent and Craig Carrel.

79.    Defendant D Logistics, Inc., as an interstate carrier, is subject to the laws, rules and regulations set forth in the Federal Motor Carrier Safety Act.

80.    Defendant A.Y.Fox888, Inc. has a duty to supervise and ensure that its employee or agent truck drivers are properly screened, licensed and trained to drive safely and abide by all applicable laws and regulations.

81.    Defendant A.Y.Fox888, Inc. has a duty to the public to avoid knowingly placing its commercial truck drivers in hazardous or unsafe conditions which would pose a foreseeable risk of serious injury or death to members of the public, including decedent and Craig Carrel.

82.    Defendant A.Y.Fox888, Inc., as an interstate carrier, is subject to the laws, rules and regulations set forth in the Federal Motor Carrier Safety Act.

83.    Defendant 995 Transport, LLC and/or F Logistics, LLC has a duty to supervise and ensure that its and/or their employee or agent truck drivers are properly screened, licensed and trained to drive safely and abide by all applicable laws and regulations.

84.    Defendant 995 Transport, LLC and/or F Logistics, LLC has a duty to the public to avoid knowingly placing its and/or their commercial truck drivers in hazardous or unsafe conditions which would pose a foreseeable risk of serious injury or death to members of the public, including decedent and Craig Carrel.

85.    Defendant 995 Transport, LLC and/or F Logistics, LLC, as an interstate carrier(s), is and/or are subject to the laws, rules and regulations set forth in the Federal Motor Carrier Safety Act.

86.     Defendants AGM Transport, Inc. and GR Leasing, LLC have a duty to supervise and ensure that its employee or agent truck drivers are properly screened, licensed and trained to drive safely and abide by all applicable laws and regulations.

87.     Defendants AGM Transport, Inc. and GR Leasing, LLC have a duty to the public to avoid knowingly placing its commercial truck drivers in hazardous or unsafe conditions which would pose a foreseeable risk of serious injury or death to members of the public, including decedent and Craig Carrel.

88.     Defendants AGM Transport, Inc. and GR Leasing, LLC, as interstate carriers, are subject to the laws, rules and regulations set forth in the Federal Motor Carrier Safety Act.

## CLAIMS FOR RELIEF AGAINST CADENCE AND EVHENYI MELMYCHUK, EVHENYI MELNYCHUK AND/OR EVHENYI MELNYCHUCK (HEREINAFTER "EVHENYI")

### A. NEGLIGENCE AND VICARIOUS LIABILITY – EVHENYI AND CADENCE

89.     Plaintiffs incorporate the allegations above and below by reference.

90.     Cadence's driver, Evhenyi, had a duty to use reasonable care under the circumstances while operating a commercial motor vehicle.

91.     Evhenyi had a heightened duty to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction.

92.      Evhenyi had a duty to have the commercial motor vehicle he was driving under reasonable control.

93.     Evhenyi had a duty to keep a proper lookout for other persons using the roadway.

94.     Evhenyi breached his duties when he lost control of the commercial motor vehicle he was driving.

95.     Evhenyi's breach of his duties was a direct and proximate cause of, contributed to and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

96.     As Evhenyi was acting within the course and scope of his employment with Cadence when he negligently and proximately caused or contributed to Deborah Carrel's wrongful death and harm to Craig Carrel, Cadence is vicariously liable for Evhenyi's negligence.

**B. NEGLIGENCE – CADENCE**

97.     Plaintiffs incorporate the allegations above and below by reference.

98.     Cadence had a duty to use ordinary care in its operations.

99.     Cadence breached its and/or their duty to use ordinary care.

100.     Cadence's breach of its and/or their duty to use ordinary care was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

**C. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – EVHENYI**

101.     Plaintiffs incorporate the allegations above and below by reference.

102.     Evhenyi had a duty to use ordinary care.

103.     Evhenyi breached his duty to use ordinary care.

104.     Evhenyi's breach of his duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

**D. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – CADENCE**

105.     Plaintiffs incorporate the allegations above and below by reference.

106.     Cadence had a duty to use ordinary care in its operations.

107.    Cadence breached its and/or their duty to use ordinary care.

108.    Cadence's breach of its and/or their duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

**E.  NEGLIGENT TRAINING – CADENCE**

109.    Plaintiffs incorporate the allegations above and below by reference.

110.    Cadence had a duty to exercise due care in designing a training program that would train its and/or their driver to use reasonable care while operating the commercial motor vehicle, to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction, to have the commercial motor vehicle Evhenyi was driving under reasonable control, and to keep a proper lookout for other persons using the roadway.

111.    Cadence breached its and/or their duty to train Evhenyi.

112.    Cadence's breach of its and/or their duty to train Evhenyi was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

**F.  NEGLIGENT HIRING AND RETENTION – CADENCE**

113.    Plaintiffs incorporate the allegations above and below by reference.

114.    Cadence had a duty to exercise ordinary care when it and/or they hired and retained Evhenyi.

115.    Cadence breached its duty of ordinary care when it and/or they hired Evhenyi.

116.    Cadence breached its duty of ordinary care when it and/or they retained Evhenyi.

117. Cadence's breaches of its duties of ordinary care when it and/or they hired and retained Evhenyi was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## G. NEGLIGENT SUPERVISION – CADENCE

118. Plaintiffs incorporate the allegations above and below by reference.

119. In the alternative, if Evhenyi was not acting within the course and scope of his employment with Cadence, then Plaintiffs allege that Cadence had a duty to control Evhenyi to prevent him from conducting himself so as to create an unreasonable risk of bodily harm to Deborah and Craig Carrel.

120. Evhenyi was using a chattel of Cadence, namely the commercial motor vehicle leased to and/or owned by one or more of the Cadence Defendants.

121. Cadence knew, or had reason to know, that it and/or they had the ability to supervise and control Evhenyi.

122. Cadence knew, or should have known, of the necessity and opportunity for exercising such supervision and control over Evhenyi.

123. Cadence's breach of its and/or their duty to supervise and control Evhenyi was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## H. NEGLIGENT ENTRUSTMENT – CADENCE

124. Plaintiffs incorporate the allegations above and below by reference.

125. Cadence supplied, directly or through a third person, the commercial motor vehicle Evhenyi was operating.

126.    Cadence knew or had reason to know that Evhenyi was likely to use the commercial motor vehicle in a manner involving an unreasonable risk of physical harm to others whom Cadence should expect to be endangered by its use.

127.    Cadence's negligent entrustment of the commercial motor vehicle to Evhenyi was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## I.    EXEMPLARY DAMAGES – EVHENYI AND CADENCE

128.    Evhenyi's willful and wanton misconduct caused Deborah Carrel's wrongful death and Craig Carrel's damages.

129.    Evhenyi was unfit to drive the semi-tractor and trailer, and Cadence was reckless in employing or retaining him to do so.

130.    Cadence, or a managerial agent of Cadence, ratified or approved of Evhenyi's manner of operating the semi-tractor and trailer.

131.    In the alternative, Evhenyi was employed as a manager of the semi-tractor and trailer and was acting within the course and scope of his employment when he caused Deborah Carrel's wrongful death and Craig Carrel's damages.

132.    As a result of the above, Cadence is liable for Evhenyi's willful and wanton misconduct.

## CLAIMS FOR RELIEF AGAINST UE LINE, INC. AND SYED RASOOL AND/OR SYED RASSOL

## A. NEGLIGENCE AND VICARIOUS LIABILITY – RASOOL AND/RASSOL AND UE LINE, INC.

133.    Plaintiffs incorporate the allegations above and below by reference.

134.    UE Line, Inc.'s driver, Rasool and/or Rassol, had a duty to use reasonable care under the circumstances while operating a commercial motor vehicle.

135.    Rasool and/or Rassol had a heightened duty to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction.

136.    Rasool and/or Rassol had a duty to have the commercial motor vehicle he was driving under reasonable control.

137.    Rasool and/or Rassol had a duty to keep a proper lookout for other persons using the roadway.

138.    Rasool and/or Rassol breached his duties when he lost control of the commercial motor vehicle he was driving.

139.    Rasool's and/or Rassol's breach of his duties was a direct and proximate cause of, contributed to and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

140.    As Rasool and/or Rassol was acting within the course and scope of his employment with UE Line when he negligently and proximately caused or contributed to Deborah Carrel's wrongful death and harm to Craig Carrel, UE Line is vicariously liable for Rasool's and/or Rassol's negligence.

### B. NEGLIGENCE – UE LINE, INC.

141.    Plaintiffs incorporate the allegations above and below by reference.

142.    UE Line, Inc. had a duty to use ordinary care in its operations.

143.    UE Line, Inc. breached its duty to use ordinary care.

144.    UE Line, Inc.'s breach of its duty to use ordinary care was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## C. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – RASOOL AND/RASSOL

145.    Plaintiffs incorporate the allegations above and below by reference.

146.    Rasool and/or Rassol had a duty to use ordinary care.

147.    Rasool and/or Rassol breached his duty to use ordinary care.

148.    Rasool's and/or Rassol's breach of his duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

## D. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – UE LINE, INC.

149.    Plaintiffs incorporate the allegations above and below by reference.

150.    UE Line, Inc. had a duty to use ordinary care in its operations.

151.    UE Line, Inc. breached its duty to use ordinary care.

152.    UE Line, Inc.'s breach of its duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

## E. NEGLIGENT TRAINING – UE LINE, INC.

153.    Plaintiffs incorporate the allegations above and below by reference.

154.    UE Line, Inc. had a duty to exercise due care in designing a training program that would train its driver to use reasonable care while operating the commercial motor vehicle, to use extreme caution when operating the commercial motor vehicle in hazardous conditions that

adversely affected visibility or traction, to have the commercial motor vehicle he was driving under reasonable control, and to keep a proper lookout for other persons using the roadway.

155.   UE Line, Inc. breached its duty to train Rasool and/or Rassol.

156.   UE Line, Inc.'s breach of its duty to train Rasool and/or Rassol was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

**F.   NEGLIGENT HIRING AND RETENTION – UE LINE, INC.**

157.   Plaintiffs incorporate the allegations above and below by reference.

158.   UE Line, Inc. had a duty to exercise ordinary care when it hired and retained Rasool and/or Rassol.

159.   UE Line, Inc. breached its duty of ordinary care when it hired Rasool and/or Rassol.

160.   UE Line, Inc. breached its duty of ordinary care when it retained Rasool and/or Rassol.

161.   UE Line, Inc.'s breaches of its duties of ordinary care when it hired and retained Rasool and/or Rassol was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

**G.   NEGLIGENT SUPERVISION – UE LINE, INC.**

162.   Plaintiffs incorporate the allegations above and below by reference.

163.   In the alternative, if Rasool and/or Rassol was not acting within the course and scope of his employment with UE Line, Inc., then Plaintiffs allege that UE Line had a duty to control Rasool and/or Rassol to prevent him from conducting himself so as to create an unreasonable risk of bodily harm to Deborah and Craig Carrel.

164.     Rasool and/or Rassol was using a chattel of UE Line, Inc., namely UE Line, Inc.'s commercial motor vehicle.

165.     UE Line, Inc. knew, or had reason to know, that it had the ability to supervise and control Rasool and/or Rassol.

166.     UE Line, Inc. knew, or should have known, of the necessity and opportunity for exercising such supervision and control over Rasool and/or Rassol.

167.     UE Line, Inc.'s breach of its duty to supervise and control Rasool and/or Rassol was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

**H.  NEGLIGENT ENTRUSTMENT – UE LINE, INC.**

168.     Plaintiffs incorporate the allegations above and below by reference.

169.     UE Line, Inc. supplied, directly or through a third person, the commercial motor vehicle Rasool and/or Rassol was operating.

170.     UE Line, Inc. knew or had reason to know that Rasool and/or Rassol was likely to use the commercial motor vehicle in a manner involving an unreasonable risk of physical harm to others whom UE Line should expect to be endangered by its use.

171.     UE Line, Inc.'s negligent entrustment of the commercial motor vehicle to Rasool and/or Rassol was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

**I.   EXEMPLARY DAMAGES – RASOOL AND/RASSOL AND UE LINE, INC.**

172.     Rasool's and/or Rassol's willful and wanton misconduct caused Deborah Carrel's wrongful death and Craig Carrel's damages.

173.    Rasool and/or Rassol was unfit to drive the semi-tractor and trailer, and UE Line was reckless in employing or retaining him to do so.

174.    UE Line, or a managerial agent of UE Line, ratified or approved of Rasool's and/or Rassol's manner of operating the semi-tractor and trailer.

175.    In the alternative, Rasool and/or Rassol was employed as a manager of the semi-tractor and trailer and was acting within the course and scope of his employment when he caused Deborah Carrel's wrongful death and Craig Carrel's damages.

176.    As a result of the above, UE Line is liable for Rasool's and/or Rassol's willful and wanton misconduct.

## CLAIMS FOR RELIEF AGAINST FLAT CREEK TRANSPORTATION, LLC AND DEMETRIUS MOON

### A. NEGLIGENCE AND VICARIOUS LIABILITY – MOON AND FLAT CREEK TRANSPORTATION, LLC

177.    Plaintiffs incorporate the allegations above and below by reference.

178.    Flat Creek's driver, Moon, had a duty to use reasonable care under the circumstances while operating a commercial motor vehicle.

179.    Moon had a heightened duty to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction.

180.    Moon had a duty to have the commercial motor vehicle he was driving under reasonable control.

181.    Moon had a duty to keep a proper lookout for other persons using the roadway.

182.    Moon breached his duties when he lost control of the commercial motor vehicle he was driving.

183.    Moon's breach of his duties was a direct and proximate cause of, contributed to and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

184.    As Moon was acting within the course and scope of his employment with Flat Creek Transportation, LLC when he negligently and proximately caused or contributed to Deborah Carrel's wrongful death and harm to Craig Carrel, Flat Creek Transportation, LLC is vicariously liable for Moon's negligence.

**B.  NEGLIGENCE – FLAT CREEK TRANSPORTATION, LLC**

185.    Plaintiffs incorporate the allegations above and below by reference.

186.    Flat Creek Transportation, LLC had a duty to use ordinary care in its operations.

187.    Flat Creek Transportation, LLC breached its duty to use ordinary care.

188.    Flat Creek Transportation, LLC's breach of its duty to use ordinary care was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

**C.  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – MOON**

189.    Plaintiffs incorporate the allegations above and below by reference.

190.    Moon had a duty to use ordinary care.

191.    Moon breached his duty to use ordinary care.

192.    Moon's breach of his duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

**D.  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – FLAT CREEK TRANSPORTATION, LLC**

193.    Plaintiffs incorporate the allegations above and below by reference.

194.   Flat Creek Transportation, LLC had a duty to use ordinary care in its operations.

195.   Flat Creek Transportation, LLC breached its duty to use ordinary care.

196.   Flat Creek Transportation, LLC's breach of its duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

### E. NEGLIGENT TRAINING – FLAT CREEK TRANSPORTATION, INC.

197.   Plaintiffs incorporate the allegations above and below by reference.

198.   Flat Creek Transportation, LLC had a duty to exercise due care in designing a training program that would train its driver to use reasonable care while operating the commercial motor vehicle, to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction, to have the commercial motor vehicle he was driving under reasonable control, and to keep a proper lookout for other persons using the roadway.

199.   Flat Creek Transportation, LLC breached its duty to train Moon.

200.   Flat Creek Transportation, LLC's breach of its duty to train Moon was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

### F. NEGLIGENT HIRING AND RETENTION – FLAT CREEK TRANSPORTATION, LLC

201.   Plaintiffs incorporate the allegations above and below by reference.

202.   Flat Creek Transportation, LLC had a duty to exercise ordinary care when it hired and retained Moon.

203.   Flat Creek Transportation, LLC breached its duty of ordinary care when it hired Moon.

204.    Flat Creek Transportation, LLC breached its duty of ordinary care when it retained Moon.

205.    Flat Creek Transportation, LLC's breaches of its duties of ordinary care when it hired and retained Moon was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## G. NEGLIGENT SUPERVISION – FLAT CREEK TRANSPORTATION, LLC

206.    Plaintiffs incorporate the allegations above and below by reference.

207.    In the alternative, if Moon was not acting within the course and scope of his employment with Flat Creek Transportation, LLC, then Plaintiffs allege that Flat Creek Transportation, LLC had a duty to control Moon to prevent him from conducting himself so as to create an unreasonable risk of bodily harm to Deborah and Craig Carrel.

208.    Moon was using a chattel of Flat Creek Transportation, LLC, namely Flat Creek Transportation, LLC's commercial motor vehicle.

209.    Flat Creek Transportation, LLC knew, or had reason to know, that it had the ability to supervise and control Moon.

210.    Flat Creek Transportation, LLC knew, or should have known, of the necessity and opportunity for exercising such supervision and control over Moon.

211.    Flat Creek Transportation, LLC's breach of its duty to supervise and control Moon was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## H. NEGLIGENT ENTRUSTMENT – FLAT CREEK TRANSPORTATION, LLC

212.    Plaintiffs incorporate the allegations above and below by reference.

213.    Flat Creek Transportation, LLC supplied, directly or through a third person, the commercial motor vehicle Moon was operating.

214.    Flat Creek Transportation, LLC knew or had reason to know that Moon was likely to use the commercial motor vehicle in a manner involving an unreasonable risk of physical harm to others whom Flat Creek Transportation, LLC should expect to be endangered by its use.

215.    Flat Creek Transportation, LLC's negligent entrustment of the commercial motor vehicle to Moon was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## I.    EXEMPLARY DAMAGES – MOON AND FLAT CREEK TRANSPORTATION, LLC

216.    Moon's willful and wanton misconduct caused Deborah Carrel's wrongful death and Craig Carrel's damages.

217.    Moon was unfit to drive the semi-tractor and trailer, and Flat Creek Transportation, LLC was reckless in employing or retaining him to do so.

218.    Flat Creek Transportation, LLC, or a managerial agent of Flat Creek Transportation, LLC, ratified or approved of Moon's manner of operating the semi-tractor and trailer.

219.    In the alternative, Moon was employed as a manager of the semi-tractor and trailer and was acting within the course and scope of his employment when he caused Deborah Carrel's wrongful death and Craig Carrel's damages.

220.    As a result of the above, Flat Creek Transportation, LLC is liable for Moon's willful and wanton misconduct.

## CLAIMS FOR RELIEF AGAINST JAP EXPRESS, INC., GURDEEP SINGH, GURINDER SINGH, JAP EXPRESS, LLC AND/OR TAGS CARRIER, LLC AND ALEX LOPEZ

### A. NEGLIGENCE AND VICARIOUS LIABILITY – LOPEZ AND JAP EXPRESS, INC., GURDEEP SINGH, GURINDER SINGH, JAP EXPRESS, LLC AND/OR TAGS CARRIER, LLC

221.    Plaintiffs incorporate the allegations above and below by reference.

222.    JAP Express, Inc.'s, Gurdeep Singh's, Gurinder Singh's, JAP Express, LLC's and/or Tags Carrier, LLC's driver, Alex Lopez had a duty to use reasonable care under the circumstances while operating a commercial motor vehicle.

223.    Lopez had a heightened duty to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction.

224.    Lopez had a duty to have the commercial motor vehicle he was driving under reasonable control.

225.    Lopez had a duty to keep a proper lookout for other persons using the roadway.

226.    Lopez breached his duties when he lost control of the commercial motor vehicle he was driving.

227.    Lopez's breach of his duties was a direct and proximate cause of, contributed to and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

228.    As Lopez was acting within the course and scope of his employment or agency relationship with JAP Express, Inc., Gurdeep Singh, Gurinder Singh, JAP Express, LLC and/or Tags Carrier, LLC when he negligently and proximately caused or contributed to Deborah Carrel's wrongful death and harm to Craig Carrel, JAP Express, Inc., Gurdeep Singh, Gurinder Singh, JAP Express, LLC and/or Tags Carrier, LLC is and/or are vicariously liable for Lopez's negligence.

### B. NEGLIGENCE – JAP EXPRESS, INC., GURDEEP SINGH, GURINDER SINGH, JAP EXPRESS, LLC AND/OR TAGS CARRIER, LLC

229.    Plaintiffs incorporate the allegations above and below by reference.

230.    JAP Express, Inc., Gurdeep Singh, Gurinder Singh, JAP Express, LLC and/or Tags Carrier, LLC had a duty to use ordinary care in its and/or their operations.

231.    JAP Express, Inc., Gurdeep Singh, Gurinder Singh, JAP Express, LLC and/or Tags Carrier, LLC breached its and/or their duty to use ordinary care.

232.    JAP Express, Inc.'s, Gurdeep Singh's, Gurinder Singh's, JAP Express, LLC's and/or Tags Carrier, LLC's breach of its and/or their duty to use ordinary care was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## C. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – LOPEZ

233.    Plaintiffs incorporate the allegations above and below by reference.

234.    Lopez had a duty to use ordinary care.

235.    Lopez breached his duty to use ordinary care.

236.    Lopez's breach of his duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

## D. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – JAP EXPRESS, INC., GURDEEP SINGH, GURINDER SINGH, JAP EXPRESS, LLC AND/OR TAGS CARRIER, LLC

237.    Plaintiffs incorporate the allegations above and below by reference.

238.    JAP Express, Inc., Gurdeep Singh, Gurinder Singh, JAP Express, LLC and/or Tags Carrier, LLC had a duty to use ordinary care in its and/or their operations.

239.    JAP Express, Inc., Gurdeep Singh, Gurinder Singh, JAP Express, LLC and/or Tags Carrier, LLC breached its and/or their duty to use ordinary care.

240.    JAP Express, Inc.'s, Gurdeep Singh's, Gurinder Singh's, JAP Express, LLC's and/or Tags Carrier, LLC's breach of its and/or their duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

**E. NEGLIGENT TRAINING – JAP EXPRESS, INC., GURDEEP SINGH, GURINDER SINGH, JAP EXPRESS, LLC AND/OR TAGS CARRIER, LLC**

241.    Plaintiffs incorporate the allegations above and below by reference.

242.    JAP Express, Inc., Gurdeep Singh, Gurinder Singh, JAP Express, LLC and/or Tags Carrier, LLC had a duty to exercise due care in designing a training program that would train its and/or their driver to use reasonable care while operating the commercial motor vehicle, to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction, to have the commercial motor vehicle he was driving under reasonable control, and to keep a proper lookout for other persons using the roadway.

243.    JAP Express, Inc., Gurdeep Singh, Gurinder Singh, JAP Express, LLC and/or Tags Carrier, LLC breached its and/or their duty to train Lopez.

244.    JAP Express, Inc.'s, Gurdeep Singh's, Gurinder Singh's, JAP Express, LLC's and/or Tags Carrier, LLC's breach of its and/or their duty to train Lopez was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

**F. NEGLIGENT HIRING AND RETENTION – JAP EXPRESS, INC., GURDEEP SINGH, GURINDER SINGH, JAP EXPRESS, LLC AND/OR TAGS CARRIER, LLC**

245.    Plaintiffs incorporate the allegations above and below by reference.

246.    JAP Express, Inc., Gurdeep Singh, Gurinder Singh, JAP Express, LLC and/or Tags Carrier, LLC had a duty to exercise ordinary care when it and/or they hired and retained Lopez.

247.    JAP Express, Inc., Gurdeep Singh, Gurinder Singh, JAP Express, LLC and/or Tags Carrier, LLC breached its and/or their duty of ordinary care when it and/or they hired Lopez.

248.    JAP Express, Inc., Gurdeep Singh, Gurinder Singh, JAP Express, LLC and/or Tags Carrier, LLC breached its and/or their duty of ordinary care when it retained Lopez.

249.    JAP Express, Inc.'s, Gurdeep Singh's, Gurinder Singh's, JAP Express, LLC's and/or Tags Carrier, LLC'S breaches of its and/or their duties of ordinary care when it and/or they hired and retained Lopez was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## G. NEGLIGENT SUPERVISION – JAP EXPRESS, INC., GURDEEP SINGH, GURINDER SINGH, JAP EXPRESS, LLC AND/OR TAGS CARRIER, LLC

250.    Plaintiffs incorporate the allegations above and below by reference.

251.    In the alternative, if Lopez was not acting within the course and scope of his employment with JAP Express, Inc., Gurdeep Singh, Gurinder Singh, JAP Express, LLC and/or Tags Carrier, LLC, then Plaintiffs allege that JAP Express, Inc., Gurdeep Singh, Gurinder Singh, JAP Express, LLC and/or Tags Carrier, LLC had a duty to control Lopez to prevent him from conducting himself so as to create an unreasonable risk of bodily harm to Deborah and Craig Carrel.

252.    Lopez was using a chattel of JAP Express, Inc., Gurdeep Singh, Gurinder Singh, JAP Express, LLC and/or Tag Carrier, LLC, namely its and/or their commercial motor vehicle.

253.    JAP Express, Inc., Gurdeep Singh, Gurinder Singh, JAP Express, LLC and/or Tags Carrier, LLC knew, or had reason to know, that it and/or they had the ability to supervise and control Lopez.

254.    JAP Express, Inc., Gurdeep Singh, Gurinder Singh, JAP Express, LLC and/or Tags Carrier, LLC knew, or should have known, of the necessity and opportunity for exercising such supervision and control over Lopez.

255.    JAP Express, Inc.'s, Gurdeep Singh's, Gurinder Singh's, JAP Express, LLC's and/or Tags Carrier, LLC's breach of its and/or their duty to supervise and control Lopez was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## H. NEGLIGENT ENTRUSTMENT – JAP EXPRESS, INC., GURDEEP SINGH, GURINDER SINGH, JAP EXPRESS, LLC AND/OR TAGS CARRIER, LLC

256.    Plaintiffs incorporate the allegations above and below by reference.

257.    JAP Express, Inc., Gurdeep Singh, Gurinder Singh, JAP Express, LLC and/or Tags Carrier, LLC supplied, directly or through a third person, the commercial motor vehicle Lopez was operating.

258.    JAP Express, Inc., Gurdeep Singh, Gurinder Singh, JAP Express, LLC and/or Tags Carrier, LLC knew or had reason to know that Lopez was likely to use the commercial motor vehicle in a manner involving an unreasonable risk of physical harm to others whom JAP Express, Inc., Gurdeep Singh, Gurinder Singh, JAP Express, LLC and/or Tags Carrier, LLC should expect to be endangered by its use.

259.    JAP Express, Inc.'s, Gurdeep Singh's, Gurinder Singh's, JAP Express, LLC's and/or Tags Carrier, LLC'S negligent entrustment of the commercial motor vehicle to Lopez was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## CLAIMS FOR RELIEF AGAINST GREENVANS, LLC

## A. NEGLIGENCE – GREENVANS, LLC

260.    Plaintiffs incorporate the allegations above and below by reference.

261.    Greenvans, LLC had a duty to use ordinary care in its operations, including with respect to the renting, leasing or use of its commercial vehicles by other persons or entities, determining the competency of such persons or entities to safely operate its commercial vehicles, training others in the reasonable and safe use of its vehicles before permitting use of them, and in other respects which will be proven at the time of trial.

262.    Greenvans, LLC breached its duty to use ordinary care in these regards and others which will be proven at the time of trial.

263.    Greenvans, LLC's breach of its duty to use ordinary care was a direct and proximate cause of, contributed to and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## B. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – GREENVANS, LLC

264.    Plaintiffs incorporate the allegations above and below by reference.

265.    Greenvans, LLC had a duty to use ordinary care in its operations, including with respect to the renting, leasing or use of its commercial vehicles by other persons or entities, determining the competency of such persons or entities to safely operate its commercial vehicles, training others in the reasonable and safe use of its vehicles before permitting use of them, and in other respects which will be proven at the time of trial.

266.    Greenvans, LLC breached its duty to use ordinary care in these regards and others which will be proven at the time of trial.

267.    Greenvans, LLC's breach of its duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

## C. NEGLIGENT TRAINING – GREENVANS, LLC

268.    Plaintiffs incorporate the allegations above and below by reference.

269.    Greenvans, LLC had a duty to exercise due care in designing a training program that would determine the competency of the persons or entities it allows to operate its commercial vehicles before their use, to train the foreseeable drivers of its vehicles to use reasonable care while operating its commercial motor vehicles, to use extreme caution when operating its commercial motor vehicles in hazardous conditions that adversely affected visibility or traction, to have the commercial motor vehicles they are operating under reasonable control, and to keep a proper lookout for other persons using the roadway.

270.    Greenvans, LLC breached its duty to train The Ballroom Thieves Touring, LLC or any of its members, employees or agents, including Schwartz, in the proper and safe operation of its commercial vehicle or to determine the competency of any of them to operate its commercial vehicle before permitting its use.

271.    Greenvans, LLC's breach of its duties in these regards and others which will be proven at the time of trial was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## D. NEGLIGENT ENTRUSTMENT – GREENVANS, LLC

272.    Plaintiffs incorporate the allegations above and below by reference.

273.    Greenvans, LLC supplied, directly or through a third person, the commercial motor vehicle Schwartz was operating at the time of the incident.

274.    Greenvans, LLC knew or had reason to know that the foreseeable operators of its commercial vehicle, including Schwartz and other manager, members, employees and/or agents of The Ballroom Thieves Touring, LLC was or were likely to use the commercial motor vehicle

in a manner involving an unreasonable risk of physical harm to others whom Greenvans, LLC should expect to be endangered by its use.

275.     Greenvans, LLC's negligent entrustment of the commercial motor vehicle to The Ballroom Thieves Touring, LLC and its managers, members, employees or agents, including Schwartz, was a direct and proximate cause of, contributed to and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## CLAIMS FOR RELIEF AGAINST THE BALLROOM THIEVES TOURING, LLC AND DANIEL SCHWARTZ

### A. NEGLIGENCE AND VICARIOUS LIABILITY - DANIEL SCHWARTZ AND THE BALLROOM THIEVES TOURING, LLC

276.     Plaintiffs incorporate the allegations above and below by reference.

277.     The Ballroom Thieves Touring, LLC's driver, Daniel Schwartz, had a duty to use reasonable care under the circumstances while operating a commercial motor vehicle.

278.     The Ballroom Thieves Touring, LLC and its driver, Schwartz, had a heightened duty to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction.

279.     Schwartz had a duty to have the commercial motor vehicle he was driving under reasonable control.

280.     Schwartz had a duty to keep a proper lookout for other persons using the roadway.

281.     Schwartz breached his duties when he lost control of the commercial motor vehicle he was driving.

282.     Schwartz's breach of his duties was a direct and proximate cause of, contributed to and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

283.   As Schwartz was acting within the course and scope of his employment or agency relationship with The Ballroom Thieves Touring, LLC when he negligently caused or contributed to Deborah Carrel's wrongful death and harm to Craig Carrel, The Ballroom Thieves Touring, LLC is vicariously liable for Schwartz's negligence.

## B. NEGLIGENCE – THE BALLROOM THIEVES TOURING, LLC

284.   Plaintiffs incorporate the allegations above and below by reference.

285.   The Ballroom Thieves Touring, LLC had a duty to use ordinary care in its operations.

286.   The Ballroom Thieves Touring, LLC breached its duty to use ordinary care.

287.   The Ballroom Thieves Touring, LLC's breach of its duty to use ordinary care was a direct and proximate cause of, contributed to and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## C. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – SCHWARTZ

288.   Plaintiffs incorporate the allegations above and below by reference.

289.   Schwartz had a duty to use ordinary care.

290.   Schwartz breached his duty to use ordinary care.

291.   Schwartz's breach of his duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

## D. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – THE BALLROOM THIEVES TOURING, LLC

292.   Plaintiffs incorporate the allegations above and below by reference. The Ballroom Thieves Touring, LLC had a duty to use ordinary care in its operations.

293.   The Ballroom Thieves Touring, LLC breached its duty to use ordinary care.

294.     The Ballroom Thieves Touring, LLC's breach of its duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

### E. NEGLIGENT TRAINING – THE BALLROOM THIEVES TOURING, LLC

295.     Plaintiffs incorporate the allegations above and below by reference.

296.     The Ballroom Thieves Touring, LLC had a duty to exercise due care in designing a training program that would train its driver to use reasonable care while operating the commercial motor vehicle, to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction, to have the commercial motor vehicle he was driving under reasonable control, and to keep a proper lookout for other persons using the roadway.

297.     The Ballroom Thieves Touring, LLC breached its duty to train Schwartz.

298.     The Ballroom Thieves Touring, LLC's breach of its duty to train Schwartz was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

### F. NEGLIGENT HIRING AND RETENTION – THE BALLROOM THIEVES TOURING, LLC

299.     Plaintiffs incorporate the allegations above and below by reference.

300.     The Ballroom Thieves Touring, LLC had a duty to exercise ordinary care when it hired and retained Schwartz.

301.     The Ballroom Thieves Touring, LLC breached its duty of ordinary care when it hired Schwartz.

302.     The Ballroom Thieves Touring, LLC breached its duty of ordinary care when it retained Schwartz.

303.    The Ballroom Thieves Touring, LLC's breaches of its duties of ordinary care when it hired and retained Schwartz was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## G. NEGLIGENT SUPERVISION – THE BALLROOM THIEVES TOURING, LLC

304.    Plaintiffs incorporate the allegations above and below by reference.

305.    In the alternative, if Schwartz was not acting within the course and scope of his employment with The Ballroom Thieves Touring, LLC, then Plaintiffs allege that The Ballroom Thieves Touring, LLC had a duty to control Schwartz to prevent him from conducting himself so as to create an unreasonable risk of bodily harm to Deborah and Craig Carrel.

306.    Schwartz was using a chattel of The Ballroom Thieves Touring, LLC, namely the commercial motor vehicle it owned, rented or leased for its touring activities.

307.    The Ballroom Thieves Touring, LLC knew, or had reason to know, that it had the ability to supervise and control Schwartz.

308.    The Ballroom Thieves Touring, LLC knew, or should have known, of the necessity and opportunity for exercising such supervision and control over Schwartz.

309.    The Ballroom Thieves Touring, LLC's breach of its duty to supervise and control Schwartz was a direct and proximate cause of, contributed to and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## H. NEGLIGENT ENTRUSTMENT – THE BALLROOM THIEVES TOURING, LLC

310.    Plaintiffs incorporate the allegations above and below by reference.

311.    The Ballroom Thieves Touring, LLC supplied or arranged for, directly or through a third person, the commercial motor vehicle Schwartz was operating.

312.    The Ballroom Thieves Touring, LLC knew or had reason to know that Schwartz was likely to use the commercial motor vehicle in a manner involving an unreasonable risk of physical harm to others whom The Ballroom Thieves Touring, LLC should expect to be endangered by its use.

313.    The Ballroom Thieves Touring, LLC's negligent entrustment of the commercial motor vehicle to Schwartz was a direct and proximate cause of, contributed to and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

**CLAIMS FOR RELIEF AGAINST EICH TRUCKING, LLC AND KENNETH PRIEM**

**A. NEGLIGENCE AND VICARIOUS LIABILITY KENNETH PRIEM AND EICH TRUCKING, LLC**

314.    Plaintiffs incorporate the allegations above and below by reference.

315.    Eich Trucking, LLC's driver, Kenneth Priem, had a duty to use reasonable care under the circumstances while operating a commercial motor vehicle.

316.    Priem had a heightened duty to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction.

317.    Priem had a duty to have the commercial motor vehicle he was driving under reasonable control.

318.    Priem had a duty to keep a proper lookout for other persons using the roadway.

319.    Priem breached his duties when he lost control of the commercial motor vehicle he was driving.

320.    Priem's breach of his duties was a direct and proximate cause of, contributed to and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

321.    As Priem was acting within the course and scope of his employment with Eich Trucking, LLC when he negligently and proximately caused or contributed to Deborah Carrel's wrongful death and harm to Craig Carrel, Eich Trucking, LLC is vicariously liable for Priem's negligence.

**B. NEGLIGENCE – EICH TRUCKING, LLC**

322.    Plaintiffs incorporate the allegations above and below by reference.

323.    Eich Trucking, LLC had a duty to use ordinary care in its operations.

324.    Eich Trucking, LLC breached its duty to use ordinary care.

325.    Eich Trucking, LLC's breach of its duty to use ordinary care was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

**C. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – PRIEM**

326.    Plaintiffs incorporate the allegations above and below by reference.

327.    Priem had a duty to use ordinary care.

328.    Priem breached his duty to use ordinary care.

329.    Priem breach of his duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

**D. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – EICH TRUCKING, LLC**

330.    Plaintiffs incorporate the allegations above and below by reference.

331.    Eich Trucking, LLC had a duty to use ordinary care in its operations.

332.    Eich Trucking, LLC breached its duty to use ordinary care.

333.    Eich Trucking, LLC's breach of its duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

### E. NEGLIGENT TRAINING – EICH TRUCKING, LLC

334.    Plaintiffs incorporate the allegations above and below by reference.

335.    Eich Trucking, LLC had a duty to exercise due care in designing a training program that would train its driver to use reasonable care while operating the commercial motor vehicle, to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction, to have the commercial motor vehicle he was driving under reasonable control, and to keep a proper lookout for other persons using the roadway.

336.    Eich Trucking, LLC breached its duty to train Priem.

337.    Eich Trucking, LLC's breach of its duty to train Priem was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

### F. NEGLIGENT HIRING AND RETENTION – EICH TRUCKING, LLC

338.    Plaintiffs incorporate the allegations above and below by reference.

339.    Eich Trucking, LLC had a duty to exercise ordinary care when it hired and retained Priem.

340.    Eich Trucking, LLC breached its duty of ordinary care when it hired Priem.

341.    Eich Trucking, LLC breached its duty of ordinary care when it retained Priem.

342.    Eich Trucking, LLC's breaches of its duties of ordinary care when it hired and retained Priem was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## G. NEGLIGENT SUPERVISION – EICH TRUCKING, LLC

343.    Plaintiffs incorporate the allegations above and below by reference.

344.    In the alternative, if Priem was not acting within the course and scope of his employment with Eich Trucking, LLC then Plaintiffs allege that Eich Trucking, LLC had a duty to control Priem to prevent him from conducting himself so as to create an unreasonable risk of bodily harm to Deborah and Craig Carrel.

345.    Priem was using a chattel of Eich Trucking, namely Eich Trucking, LLC's commercial motor vehicle.

346.    Eich Trucking, LLC knew, or had reason to know, that it had the ability to supervise and control Priem.

347.    Eich Trucking, LLC knew, or should have known, of the necessity and opportunity for exercising such supervision and control over Priem.

348.    Eich Trucking, LLC's breach of its duty to supervise and control Priem was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## H. NEGLIGENT ENTRUSTMENT – EICH TRUCKING, LLC

349.    Plaintiffs incorporate the allegations above and below by reference.

350.    Eich Trucking, LLC supplied, directly or through a third person, the commercial motor vehicle Priem was operating.

351.    Eich Trucking, LLC knew or had reason to know that Priem was likely to use the commercial motor vehicle in a manner involving an unreasonable risk of physical harm to others whom EICH Trucking, LLC should expect to be endangered by its use.

352.     Eich Trucking, LLC's negligent entrustment of the commercial motor vehicle to Priem was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## CLAIMS FOR RELIEF AGAINST KIVI BROS. TRUCKING, INC., KIVI BROS. LEASING, INC. AND MATT CICHON

### A. NEGLIGENCE AND VICARIOUS LIABILITY – CICHON AND KIVI BROS. TRUCKING, INC., KIVI BROS. LEASING, INC.

353.     Plaintiffs incorporate the allegations above and below by reference.

354.     Kivi Bros. Trucking, Inc.'s and/or Kivi Bros. Leasing, Inc.'s driver, Matt Cichon, had a duty to use reasonable care under the circumstances while operating a commercial motor vehicle.

355.     Cichon had a heightened duty to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction.

356.     Cichon had a duty to have the commercial motor vehicle he was driving under reasonable control.

357.     Cichon had a duty to keep a proper lookout for other persons using the roadway.

358.     Cichon breached his duties when he lost control of the commercial motor vehicle he was driving.

359.     Cichon's breach of his duties was a direct and proximate cause of, contributed to and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

360.     As Cichon was acting within the course and scope of his employment with Kivi Bros. Trucking, Inc. and/or Kivi Bros. Leasing, Inc. when he negligently and proximately caused

48

or contributed to Deborah Carrel's wrongful death and harm to Craig Carrel, Kivi Bros. Trucking, Inc. and/or Kivi Bros. Leasing, Inc. is and/or are vicariously liable for Cichon's negligence.

**B. NEGLIGENCE – KIVI BROS. TRUCKING, INC. AND KIVI BROS. LEASING, INC.**

361.    Plaintiffs incorporate the allegations above and below by reference.

362.    Kivi Bros. Trucking, Inc. and/or Kivi Bros. Leasing, Inc. had a duty to use ordinary care in its and/or their operations.

363.    Kivi Bros. Trucking, Inc. and/or Kivi Bros. Leasing, Inc. breached its and/or their duty to use ordinary care.

364.    Kivi Bros. Trucking, Inc.'s and/or Kivi Bros. Leasing, Inc.'s breach of its and/or their duty to use ordinary care was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

**C. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – CICHON**

365.    Plaintiffs incorporate the allegations above and below by reference.

366.    Cichon had a duty to use ordinary care.

367.    Cichon breached his duty to use ordinary care.

368.    Cichon's breach of his duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

**D. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – KIVI BROS. TRUCKING, INC. AND KIVI BROS. LEASING, INC.**

369.    Plaintiffs incorporate the allegations above and below by reference.

370.    Kivi Bros. Trucking, Inc. and/or Kivi Bros. Leasing, Inc. had a duty to use ordinary care in its and/or their operations.

371.    Kivi Bros. Trucking, Inc. and/or Kivi Bros. Leasing, Inc. breached its and/or their duty to use ordinary care.

372.    Kivi Bros. Trucking, Inc.'s and/or Kivi Bros. Leasing, Inc.'s breach of its and/or their duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

### E. NEGLIGENT TRAINING – KIVI BROS. TRUCKING, INC. AND KIVI BROS. LEASING, INC.

373.    Plaintiffs incorporate the allegations above and below by reference.

374.    Kivi Bros. Trucking, Inc. and/or Kivi Bros. Leasing, Inc. had a duty to exercise due care in designing a training program that would train its and/or their driver to use reasonable care while operating the commercial motor vehicle, to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction, to have the commercial motor vehicle he was driving under reasonable control, and to keep a proper lookout for other persons using the roadway.

375.    Kivi Bros. Trucking, Inc. and/or Kivi Bros. Leasing, Inc. breached its and/or their duty to train Cichon.

376.    Kivi Bros. Trucking, Inc.'s and/or Kivi Bros. Leasing, Inc.'s breach of its and/or their duty to train Cichon was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

### F. NEGLIGENT HIRING AND RETENTION – KIVI BROS. TRUCKING, INC. AND KIVI BROS. LEASING, INC.

377.    Plaintiffs incorporate the allegations above and below by reference.

378.    Kivi Bros. Trucking, Inc. and/or Kivi Bros. Leasing, Inc. had a duty to exercise ordinary care when it and/or they hired and retained Cichon.

379.    Kivi Bros. Trucking, Inc. and/or Kivi Bros. Leasing, Inc. breached its and/or their duty of ordinary care when it and/or they hired Cichon.

380.    Kivi Bros Trucking, Inc. and/or Kivi Bros. Leasing, Inc. breached its and/or their duty of ordinary care when it and/or they retained Cichon.

381.    Kivi Bros. Trucking, Inc.'s and/or Kivi Bros. Leasing, Inc.'s breaches of its and/or their duties of ordinary care when it and/or they hired and retained Cichon was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## G. NEGLIGENT SUPERVISION – KIVI BROS. TRUCKING, INC. AND KIVI BROS. LEASING, INC.

382.    Plaintiffs incorporate the allegations above and below by reference.

383.    In the alternative, if Cichon was not acting within the course and scope of his employment with Kivi Bros. Trucking, Inc. and/or Kivi Bros. Leasing, Inc., then Plaintiffs allege that Kivi Bros. Trucking, Inc. and/or Kivi Bros. Leasing, Inc. had a duty to control Cichon to prevent him from conducting himself so as to create an unreasonable risk of bodily harm to Deborah and Craig Carrel.

384.    Cichon was using a chattel of Kivi Bros. Trucking, Inc. and/or Kivi Bros. Leasing, Inc., namely its and/or their commercial motor vehicle.

385.    Kivi Bros. Trucking, Inc. and/or Kivi Bros. Leasing, Inc. knew, or had reason to know, that it and/or they had the ability to supervise and control Cichon.

386.    Kivi Bros. Trucking, Inc. and/or Kivi Bros. Leasing, Inc. knew, or should have known, of the necessity and opportunity for exercising such supervision and control over Cichon.

387.    Kivi Bros. Trucking, Inc.'s and/or Kivi Bros. Leasing, Inc.'s breach of its and/or their duty to supervise and control Cichon was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## H.  NEGLIGENT ENTRUSTMENT – KIVI BROS. TRUCKING, INC. AND KIVI BROS. LEASING, INC.

388.    Plaintiffs incorporate the allegations above and below by reference.

389.    Kivi Bros. Trucking, Inc. and/or Kivi Bros. Leasing, Inc. supplied, directly or through a third person, the commercial motor vehicle Cichon was operating.

390.    Kivi Bros. Trucking, Inc. and/or Kivi Bros. Leasing, Inc. knew or had reason to know that Cichon was likely to use the commercial motor vehicle in a manner involving an unreasonable risk of physical harm to others whom Kivi Bros. Trucking, Inc. and/or Kivi Bros. Leasing, Inc. should expect to be endangered by its use.

391.    Kivi Bros. Trucking, Inc.'s and/or Kivi Bros. Leasing, Inc.'s negligent entrustment of the commercial motor vehicle to Cichon was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## CLAIMS FOR RELIEF AGAINST MUSTANG EXPRESS, LLC AND SLOBODAN BOSNJAK

## A.  NEGLIGENCE AND VICARIOUS LIABILITY – BOSNJAK AND MUSTANG EXPRESS, LLC

392.    Plaintiffs incorporate the allegations above and below by reference.

393.    Mustang Express, LLC's driver, Slobodan Bosnjak, had a duty to use reasonable care under the circumstances while operating a commercial motor vehicle.

394.    Bosnjak had a heightened duty to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction.

395.    Bosnjak had a duty to have the commercial motor vehicle he was driving under reasonable control.

396.    Bosnjak had a duty to keep a proper lookout for other persons using the roadway.

397.    Bosnjak breached his duties when he lost control of the commercial motor vehicle he was driving.

398.    Bosnjak's breach of his duties was a direct and proximate cause of, contributed to and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

399.    As Bosnjak was acting within the course and scope of his employment with Mustang Express, LLC when he negligently and proximately caused or contributed to Deborah Carrel's wrongful death and harm to Craig Carrel, Mustang Express, LLC is vicariously liable for Bosnjak's negligence.

### B. NEGLIGENCE – MUSTANG EXPRESS, LLC

400.    Plaintiffs incorporate the allegations above and below by reference.

401.    Mustang Express, LLC had a duty to use ordinary care in its operations.

402.    Mustang Express, LLC breached its duty to use ordinary care.

403.    Mustang Express, LLC's breach of its duty to use ordinary care was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

### C. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – BOSNJAK

404.    Plaintiffs incorporate the allegations above and below by reference.

405.    Bosnjak had a duty to use ordinary care.

406.    Bosnjak breached his duty to use ordinary care.

407.    Bosnjak's breach of his duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

### D. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – MUSTANG EXPRESS, LLC

408.    Plaintiffs incorporate the allegations above and below by reference.

409.    Mustang Express, LLC had a duty to use ordinary care in its operations.

410.    Mustang Express, LLC breached its duty to use ordinary care.

411.    Mustang Express, LLC's breach of its duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

### E. NEGLIGENT TRAINING – MUSTANG EXPRESS, LLC

412.    Plaintiffs incorporate the allegations above and below by reference.

413.    Mustang Express, LLC had a duty to exercise due care in designing a training program that would train its driver to use reasonable care while operating the commercial motor vehicle, to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction, to have the commercial motor vehicle he was driving under reasonable control, and to keep a proper lookout for other persons using the roadway.

414.    Mustang Express, LLC breached its duty to train Bosnjak.

415.    Mustang Express, LLC's breach of its duty to train Bosnjak was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

### F. NEGLIGENT HIRING AND RETENTION – MUSTANG EXPRESS, LLC

54

416.    Plaintiffs incorporate the allegations above and below by reference.

417.    Mustang Express, LLC had a duty to exercise ordinary care when it hired and retained Bosnjak.

418.    Mustang Express, LLC breached its duty of ordinary care when it hired Bosnjak.

419.    Mustang Express, LLC breached its duty of ordinary care when it retained Bosnjak.

420.    Mustang Express, LLC's breaches of its duties of ordinary care when it hired and retained Bosnjak was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## G. NEGLIGENT SUPERVISION – MUSTANG EXPRESS, LLC

421.    Plaintiffs incorporate the allegations above and below by reference.

422.    In the alternative, if Bosnjak was not acting within the course and scope of his employment with Mustang Express, LLC then Plaintiffs allege that Mustang Express, LLC had a duty to control Bosnjak to prevent him from conducting himself so as to create an unreasonable risk of bodily harm to Deborah and Craig Carrel.

423.    Bosnjak was using a chattel of Mustang Express, namely Mustang Express, LLC's commercial motor vehicle.

424.    Mustang Express, LLC knew, or had reason to know, that it had the ability to supervise and control Bosnjak.

425.    Mustang Express, LLC knew, or should have known, of the necessity and opportunity for exercising such supervision and control over Bosnjak.

426.    Mustang Express, LLC's breach of its duty to supervise and control Bosnjak was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## H. NEGLIGENT ENTRUSTMENT – MUSTANG EXPRESS, LLC

427.   Plaintiffs incorporate the allegations above and below by reference.

428.   Mustang Express, LLC supplied, directly or through a third person, the commercial motor vehicle Bosnjak was operating.

429.   Mustang Express, LLC knew or had reason to know that Bosnjak was likely to use the commercial motor vehicle in a manner involving an unreasonable risk of physical harm to others whom Mustang Express, LLC should expect to be endangered by its use.

430.   Mustang Express, LLC's negligent entrustment of the commercial motor vehicle to Bosnjak was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## CLAIMS FOR RELIEF AGAINST 995 TRANSPORT, LLC, F LOGISTICS, LLC, ESTANISOLA PEREZ REYES AND ESTANISLAO PEREZ, SR.

### A. NEGLIGENCE AND VICARIOUS LIABILITY - PEREZ AND 995 TRANSPORT, LLC, F LOGISTICS, LLC,

431.   Plaintiffs incorporate the allegations above and below by reference.

432.   995 Transport, LLC's and/or F Logistics, LLC's driver, Estanisola Perez Reyes and/or Estanislao Perez, Sr. (hereinafter "Perez"), had a duty to use reasonable care under the circumstances while operating a commercial motor vehicle.

433.   Perez had a heightened duty to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction.

434.   Perez had a duty to have the commercial motor vehicle he was driving under reasonable control.

435.   Perez had a duty to keep a proper lookout for other persons using the roadway.

436.    Perez breached his duties when he lost control of the commercial motor vehicle he was driving.

437.    Perez's breach of his duties was a direct and proximate cause of, contributed to and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

438.    As Perez was acting within the course and scope of his employment with 995 Transport, LLC and/or F Logistics, LLC when he negligently and proximately caused or contributed to Deborah Carrel's wrongful death and harm to Craig Carrel, 995 Transport, LLC and/or F Logistics, LLC is and/or are vicariously liable for Perez's negligence.

## B. NEGLIGENCE – 995 TRANSPORT, LLC AND/OR F LOGISTICS, LLC

439.    Plaintiffs incorporate the allegations above and below by reference.

440.    995 Transport, LLC and/or F Logistics, LLC had a duty to use ordinary care in its and/or their operations.

441.    995 Transport, LLC and/or F Logistics, LLC breached its and/or their duty to use ordinary care.

442.    995 Transport, LLC's and/or F Logistics, LLC's breach of its and/or their duty to use ordinary care was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## C. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – PEREZ

443.    Plaintiffs incorporate the allegations above and below by reference.

444.    Perez had a duty to use ordinary care.

445.    Perez breached his duty to use ordinary care.

446.   Perez's breach of his duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

## D. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – 995 TRANSPORT, LLC AND/OR F LOGISTICS, LLC

447.   Plaintiffs incorporate the allegations above and below by reference.

448.   995 Transport, LLC and/or F Logistics, LLC had a duty to use ordinary care in its and/or their operations.

449.   995 Transport, LLC and/or F Logistics, LLC breached its and/or their duty to use ordinary care.

450.   995 Transport, LLC's and/or F Logistics, LLC's breach of its and/or their duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

## E. NEGLIGENT TRAINING – 995 TRANSPORT, LLC AND/OR F LOGISTICS, LLC

451.   Plaintiffs incorporate the allegations above and below by reference.

452.   995 Transport, LLC and/or F Logistics, LLC had a duty to exercise due care in designing a training program that would train its and/or their driver to use reasonable care while operating the commercial motor vehicle, to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction, to have the commercial motor vehicle he was driving under reasonable control, and to keep a proper lookout for other persons using the roadway.

453.   995 Transport, LLC and/or F Logistics, LLC breached its and/or their duty to train Perez.

454.    995 Transport, LLC's and/or F Logistics, LLC's breach of its and/or their duty to train Perez was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## F. NEGLIGENT HIRING AND RETENTION – 995 TRANSPORT, LLC AND/OR F LOGISTICS, LLC

455.    Plaintiffs incorporate the allegations above and below by reference.

456.    995 Transport, LLC and/or F Logistics, LLC had a duty to exercise ordinary care when it and/or they hired and retained Perez.

457.    995 Transport, LLC and/or F Logistics, LLC breached its and/or their duty of ordinary care when it and/or they hired Perez.

458.    995 Transport, LLC and/or F Logistics, LLC breached its and/or their duty of ordinary care when it and/or they retained Perez.

459.    995 Transport, LLC's and/or F Logistics, LLC's breaches of its and/or their duties of ordinary care when it and/or they hired and retained Perez was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## G. NEGLIGENT SUPERVISION – 995 TRANSPORT, LLC AND/OR F LOGISTICS, LLC

460.    Plaintiffs incorporate the allegations above and below by reference.

461.    In the alternative, if Perez was not acting within the course and scope of his employment with 995 Transport, LLC and/or F Logistics, LLC, then Plaintiffs allege that 995 Transport, LLC and/or F Logistics, LLC had a duty to control Perez to prevent him from conducting himself so as to create an unreasonable risk of bodily harm to Deborah and Craig Carrel.

462.     Perez was using a chattel of 995 Transport, LLC and/or F Logistics, LLC, namely its and/or their commercial motor vehicle.

463.     995 Transport, LLC and/or F Logistics, LLC knew, or had reason to know, that it and/or they had the ability to supervise and control Perez.

464.     995 Transport, LLC and/or F Logistics, LLC knew, or should have known, of the necessity and opportunity for exercising such supervision and control over Perez.

465.     995 Transport, LLC's and/or F Logistics, LLC's breach of its duty to supervise and control Perez was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## H. NEGLIGENT ENTRUSTMENT – 995 TRANSPORT, LLC AND/OR F LOGISTICS, LLC

466.     Plaintiffs incorporate the allegations above and below by reference.

467.     995 Transport, LLC and/or F Logistics, LLC supplied, directly or through a third person, the commercial motor vehicle Perez was operating.

468.     995 Transport, LLC and/or F Logistics, LLC knew or had reason to know that Perez was likely to use the commercial motor vehicle in a manner involving an unreasonable risk of physical harm to others whom 995 Transport, LLC and/or F Logistics, LLC should expect to be endangered by its use.

469.     995 Transport, LLC's and/or F Logistics, LLC's negligent entrustment of the commercial motor vehicle to Perez was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## CLAIMS FOR RELIEF AGAINST D LOGISTICS, INC. AND ALEXANDER YARKOV

### A. NEGLIGENCE AND VICARIOUS LIABILITY - YARKOV AND D LOGISTICS, INC.

470.    Plaintiffs incorporate the allegations above and below by reference.

471.    D Logistics Inc.'s driver, Alexander Yarkov, had a duty to use reasonable care under the circumstances while operating a commercial motor vehicle.

472.    Yarkov had a heightened duty to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction.

473.    Yarkov had a duty to have the commercial motor vehicle he was driving under reasonable control.

474.    Yarkov had a duty to keep a proper lookout for other persons using the roadway.

475.    Yarkov breached his duties when he lost control of the commercial motor vehicle he was driving.

476.    Yarkov's breach of his duties was a direct and proximate cause of, contributed to and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

477.    As Yarkov was acting within the course and scope of his employment with D Logistics, Inc. when he negligently and proximately caused or contributed to Deborah Carrel's wrongful death and harm to Craig Carrel, D Logistics, Inc. is vicariously liable for Yarkov's negligence.

B.  NEGLIGENCE – D LOGISTICS, INC.

478.    Plaintiffs incorporate the allegations above and below by reference.

479.    D Logistics, Inc. had a duty to use ordinary care in its operations.

480.    D Logistics, Inc. breached its duty to use ordinary care.

481.    D Logistics, Inc.'s breach of its duty to use ordinary care was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## C. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – YARKOV

482.    Plaintiffs incorporate the allegations above and below by reference.

483.    Yarkov had a duty to use ordinary care.

484.    Yarkov breached his duty to use ordinary care.

485.    Yarkov's breach of his duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

## D. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – D LOGISTICS, INC.

486.    Plaintiffs incorporate the allegations above and below by reference.

487.    D Logistics, Inc. had a duty to use ordinary care in its operations.

488.    D Logistics, Inc. breached its duty to use ordinary care.

489.    D Logistics, Inc.'s breach of its duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

## E. NEGLIGENT TRAINING – D LOGISTICS, INC.

490.    Plaintiffs incorporate the allegations above and below by reference.

491.    D Logistics, Inc. had a duty to exercise due care in designing a training program that would train its driver to use reasonable care while operating the commercial motor vehicle, to use extreme caution when operating the commercial motor vehicle in hazardous conditions that

adversely affected visibility or traction, to have the commercial motor vehicle he was driving under reasonable control, and to keep a proper lookout for other persons using the roadway.

492.    D Logistics, Inc. breached its duty to train Yarkov.

493.    D Logistics, Inc.'s breach of its duty to train Yarkov was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

**F. NEGLIGENT HIRING AND RETENTION – D LOGISTICS, INC.**

494.    Plaintiffs incorporate the allegations above and below by reference.

495.    D Logistics, Inc. had a duty to exercise ordinary care when it hired and retained Yarkov.

496.    D Logistics, Inc. breached its duty of ordinary care when it hired Yarkov.

497.    D Logistics, Inc. breached its duty of ordinary care when it retained Yarkov.

498.    D Logistics, Inc.'s breaches of its duties of ordinary care when it hired and retained Yarkov was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

**G. NEGLIGENT SUPERVISION – D LOGISTICS, INC.**

499.    Plaintiffs incorporate the allegations above and below by reference.

500.    In the alternative, if Yarkov was not acting within the course and scope of his employment with D Logistics, Inc. then Plaintiffs allege that D Logistics, Inc. had a duty to control Yarkov to prevent him from conducting himself so as to create an unreasonable risk of bodily harm to Deborah and Craig Carrel.

501.    Yarkov was using a chattel of D Logistics, namely D Logistics, Inc.'s commercial motor vehicle.

502.    D Logistics, Inc. knew, or had reason to know, that it had the ability to supervise and control Yarkov.

503.    D Logistics, Inc. knew, or should have known, of the necessity and opportunity for exercising such supervision and control over Yarkov.

504.    D Logistics, Inc.'s breach of its duty to supervise and control Yarkov was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## H.  NEGLIGENT ENTRUSTMENT – D LOGISTICS, INC.

505.    Plaintiffs incorporate the allegations above and below by reference.

506.    D Logistics, Inc. supplied, directly or through a third person, the commercial motor vehicle Yarkov was operating.

507.    D Logistics, Inc. knew or had reason to know that Yarkov was likely to use the commercial motor vehicle in a manner involving an unreasonable risk of physical harm to others whom D Logistics, Inc. should expect to be endangered by its use.

508.    D Logistics, Inc.'s negligent entrustment of the commercial motor vehicle to Yarkov was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## CLAIMS FOR RELIEF AGAINST A.Y.FOX888, INC.

## A.  VICARIOUS LIABILITY – A.Y.FOX, INC.

509.    Plaintiffs incorporate the allegations above and below by reference.

510.    Defendant Alexander Yarkov had a duty to use reasonable care under the circumstances while operating a commercial motor vehicle.

511.   Yarkov had a heightened duty to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction.

512.   Yarkov had a duty to have the commercial motor vehicle he was driving under reasonable control.

513.   Yarkov had a duty to keep a proper lookout for other persons using the roadway.

514.   Yarkov breached his duties when he lost control of the commercial motor vehicle he was driving.

515.   Yarkov's breach of his duties was a direct and proximate cause of, contributed to and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

516.   To the extent Yarkov was acting within or also acting with the course and scope of his employment or an agency relationship with A.Y.Fox888, Inc. when he negligently and proximately caused or contributed to Deborah Carrel's wrongful death and harm to Craig Carrel, A.Y.Fox888, Inc. is vicariously liable for Yarkov's negligence.

**B.  NEGLIGENCE – A.Y.FOX888, INC.**

517.   Plaintiffs incorporate the allegations above and below by reference.

518.   A.Y.Fox888, Inc. had a duty to use ordinary care in its operations.

519.   A.Y.Fox888, Inc. breached its duty to use ordinary care.

520.   A.Y.Fox888, Inc.'s breach of its duty to use ordinary care was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

**C.  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – A.Y.FOX888, INC.**

521.   Plaintiffs incorporate the allegations above and below by reference.

522. A.Y.Fox888, Inc. had a duty to use ordinary care in its operations.

523. A.Y.Fox888, Inc. breached its duty to use ordinary care.

524. A.Y.Fox888, Inc.'s breach of its duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

### D. NEGLIGENT TRAINING – A.Y.FOX888, INC.

525. Plaintiffs incorporate the allegations above and below by reference.

526. A.Y.Fox888, Inc. had a duty to exercise due care in designing a training program that would train its driver to use reasonable care while operating the commercial motor vehicle, to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction, to have the commercial motor vehicle he was driving under reasonable control, and to keep a proper lookout for other persons using the roadway.

527. A.Y.Fox888, Inc. breached its duty to train Yarkov.

528. A.Y.Fox888, Inc.'s breach of its duty to train Yarkov was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

### E. NEGLIGENT HIRING AND RETENTION – A.Y.FOX888, INC.

529. Plaintiffs incorporate the allegations above and below by reference.

530. A.Y.Fox888, Inc. had a duty to exercise ordinary care when it hired and retained Yarkov.

531. A.Y.Fox888, Inc. breached its duty of ordinary care when it hired Yarkov.

532. A.Y.Fox888, Inc. breached its duty of ordinary care when it retained Yarkov.

533.     A.Y.Fox888, Inc.'s breaches of its duties of ordinary care when it hired and retained Yarkov was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

### F. NEGLIGENT SUPERVISION – A.Y.FOX888, INC.

534.     Plaintiffs incorporate the allegations above and below by reference.

535.     In the alternative, if Yarkov was not acting within the course and scope of his employment with A.Y.Fox888, Inc. then Plaintiffs allege that A.Y.Fox888, Inc. had a duty to control Yarkov to prevent him from conducting himself so as to create an unreasonable risk of bodily harm to Deborah and Craig Carrel.

536.     Yarkov was using a chattel of D Logistics that may have been under contract with A.Y.Fox888, Inc., namely the commercial motor vehicle Yarkov was operating at the time of the incident.

537.     A.Y.Fox888, Inc. knew, or had reason to know, that it had the ability to supervise and control Yarkov.

538.     A.Y.Fox888, Inc. knew, or should have known, of the necessity and opportunity for exercising such supervision and control over Yarkov.

539.     A.Y.Fox888, Inc.'s breach of its duty to supervise and control Yarkov was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

### G. NEGLIGENT ENTRUSTMENT – A.Y.FOX888, INC.

540.     Plaintiffs incorporate the allegations above and below by reference.

541.     A.Y.Fox888, Inc. supplied, directly or through a third person or entity, including D Logistics, Inc., the commercial motor vehicle Yarkov was operating.

542.    A.Y.Fox888, Inc. knew or had reason to know that Yarkov was likely to use the commercial motor vehicle in a manner involving an unreasonable risk of physical harm to others whom A.Y.Fox888, Inc. should expect to be endangered by its use.

543.    A.Y.Fox888, Inc.'s negligent entrustment of the commercial motor vehicle to Yarkov was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## CLAIMS FOR RELIEF AGAINST AGM TRANSPORT, INC., GR LEASING, LLC AND JUNIOR OCCEAN LUNDY

### A.  NEGLIGENCE AND VICARIOUS LIABILITY - LUNDY AND AGM TRANSPORT, INC., GR LEASING, LLC

544.    Plaintiffs incorporate the allegations above and below by reference.

545.    AGM Transport, Inc.'s and/or GR Leasing, LLC's driver, Junior Occean Lundy (hereinafter referred to as "Lundy"), had a duty to use reasonable care under the circumstances while operating a commercial motor vehicle.

546.    Lundy had a heightened duty to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction.

547.    Lundy had a duty to have the commercial motor vehicle he was driving under reasonable control.

548.    Lundy had a duty to keep a proper lookout for other persons using the roadway.

549.    Lundy breached his duties when he lost control of the commercial motor vehicle he was driving.

550.    Lundy's breach of his duties was a direct and proximate cause of, contributed to and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

551.    As Lundy was acting within the course and scope of his employment with AGM Transport, Inc. and/or GR Leasing, LLC when he negligently and proximately caused or contributed to Deborah Carrel's wrongful death and harm to Craig Carrel, AGM Transport, Inc. and/or GR Leasing, LLC is and/or are vicariously liable for Lundy's negligence.

## B. NEGLIGENCE – AGM TRANSPORT, INC. AND GR LEASING, LLC

552.    Plaintiffs incorporate the allegations above and below by reference.

553.    AGM Transport, Inc. and/or GR Leasing, LLC had a duty to use ordinary care in its and/or their operations.

554.    AGM Transport, Inc. and/or GR Leasing, LLC breached its and/or their duty to use ordinary care.

555.    AGM Transport, Inc.'s and/or GR Leasing, LLC's breach of its and/or their duty to use ordinary care played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## C. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – LUNDY

556.    Plaintiffs incorporate the allegations above and below by reference.

557.    Lundy had a duty to use ordinary care.

558.    Lundy breached his duty to use ordinary care.

559.    Lundy's breach of his duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

## D. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – AGM TRANSPORT, INC. AND GR LEASING, LLC

560.    Plaintiffs incorporate the allegations above and below by reference.

561.    AGM Transport, Inc. and/or GR Leasing, LLC had a duty to use ordinary care in its and/or their operations.

562.    AGM Transport, Inc. and/or GR Leasing, LLC breached its and/or their duty to use ordinary care.

563.    AGM Transport, Inc.'s and/or GR Leasing, LLC's breach of its and/or their duty to use ordinary care proximately caused Craig Carrel to observe Deborah Carrel suffer serious bodily injury and die without material change in her condition or location.

### E.  NEGLIGENT TRAINING – AGM TRANSPORT, INC. AND GR LEASING, LLC

564.    Plaintiffs incorporate the allegations above and below by reference.

565.    AGM Transport, Inc. and/or GR Leasing, LLC had a duty to exercise due care in designing a training program that would train its and/or their driver to use reasonable care while operating the commercial motor vehicle, to use extreme caution when operating the commercial motor vehicle in hazardous conditions that adversely affected visibility or traction, to have the commercial motor vehicle he was driving under reasonable control, and to keep a proper lookout for other persons using the roadway.

566.    AGM Transport, Inc. and/or GR Leasing, LLC breached its and/or their duty to train Lundy.

567.    AGM Transport, Inc.'s and/or GR Leasing, LLC's breach of its and/or their duty to train Lundy was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

### F.  NEGLIGENT HIRING AND RETENTION – AGM TRANSPORT, INC. AND GR LEASING, LLC.

568.    Plaintiffs incorporate the allegations above and below by reference.

569.   AGM Transport, Inc. and/or GR Leasing, LLC had a duty to exercise ordinary care when it and/or they hired and retained Lundy.

570.   AGM Transport, Inc. and/or GR Leasing, LLC breached its and/or their duty of ordinary care when it and/or they hired and retained Lundy.

571.   AGM Transport, Inc. and/or GR Leasing, LLC breached its and/or their duty of ordinary care when it and/or they hired and retained Lundy.

572.   AGM Transport, Inc.'s and/or GR Leasing, LLC's breaches of its and/or their duties of ordinary care when it and/or they hired and retained Lundy was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## G. NEGLIGENT SUPERVISION – AGM TRANSPORT, INC. AND GR LEASING, LLC

573.   Plaintiffs incorporate the allegations above and below by reference.

574.   In the alternative, if Lundy was not acting within the course and scope of his employment with AGM Transport, Inc. and/or GR Leasing, LLC, then Plaintiffs allege that AGM Transport, Inc. and/or GR Leasing, LLC had a duty to control Lundy to prevent him from conducting himself so as to create an unreasonable risk of bodily harm to Deborah and Craig Carrel.

575.   Lundy was using a chattel of AGM Transport, Inc. and/or GR Leasing, LLC, namely its and/or their commercial motor vehicle.

576.   AGM Transport, Inc. and/or GR Leasing knew, or had reason to know, that it and/or they had the ability to supervise and control Lundy.

577.   AGM Transport, Inc. and/or GR Leasing, LLC knew, or should have known, of the necessity and opportunity for exercising such supervision and control over Lundy.

578.    AGM Transport, Inc.'s and/or GR Leasing, LLC's breach of its and/or their duty to supervise and control Lundy was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## H. NEGLIGENT ENTRUSTMENT – AGM TRANSPORT, INC. AND GR LEASING, LLC

579.    Plaintiffs incorporate the allegations above and below by reference.

580.    AGM Transport, Inc. and/or GR Leasing, LLC supplied, directly or through a third person, the commercial motor vehicle Lundy was operating.

581.    AGM Transport, Inc. and/or GR Leasing, LLC knew or had reason to know that Lundy was likely to use the commercial motor vehicle in a manner involving an unreasonable risk of physical harm to others whom AGM Transport, Inc. and/or GR Leasing, LLC should expect to be endangered by its use.

582.    AGM Transport, Inc.'s and/or GR Leasing, LLC's negligent entrustment of the commercial motor vehicle to Lundy was a direct and proximate cause of and played a substantial part in bringing about Deborah Carrel's wrongful death and Craig Carrel's damages.

## COMPENSATORY DAMAGES

583.    As a result of defendants' conduct, those entitled to claim under Wyoming law have been damaged in the loss of probable future companionship, society, and support of Deborah Carrel.

584.    As a result of defendants' conduct, Craig Carrel sustained physical injuries, including disability and disfigurement, incurred medical expenses in the past and will incur medical expenses in the future, suffered and will suffer future emotional distress and loss of enjoyment of life, suffered and will suffer future pain, and sustained the loss of his wife's probable future companionship, society and comfort, and her earnings and earning capacity.

The misconduct of the Cadence Defendants, Defendant UE Line, Inc., Defendant Flat Creek Transportation, LLC and their respective drivers (Defendant(s) Evhenyi Melmychuk, Evhenyi Melnychuk and/or Eyhenyi Melnychuck, Defendant Syed Rasool and/or Syed Rassol, and Defendant Demetrius Moon) consisted of willful, unlawful and wanton disregard of the Carrel family's rights and willful and wanton disregard of the consequences of their acts, such that the claimants are each entitled to an award of exemplary damages in such amounts as will deter defendants and others similarly situated from similar conduct in the future.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for judgment against Defendants, and each of them, in an amount greatly in excess of seventy-five thousand dollars ($75,000.00), this Court's jurisdictional requirement, for compensatory and exemplary damages, and interest, costs, attorney fees, disbursements and such other relief as may be permitted by law.

## **JURY DEMAND**

Plaintiffs demand trial by jury.

Dated: January 28, 2022.

James E. Fitzgerald (5-1469)
Michael J. Fitzgerald (7-5351)
The Fitzgerald Law Firm
2108 Warren Avenue
Cheyenne, WY 82001
307-634-4000 (Telephone)
307-635-2391 (Facsimile)
jim@fitzgeraldlaw.com
michael@fitzgeraldlaw.com

-and-

W. Craig Bashein
Bashein & Bashein Company, L.P.A.
50 Public Square
Terminal Tower, 35th Floor
Cleveland, OH 44113
216-539-8437 (Telephone)
216-781-5876 (Facsimile)
cbashein@basheinlaw.com
(*To be admitted Pro Hac Vice*)

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was served upon below listed

counsel via CM/ECF on January 28, 2022.

Kevin Kessner
Bradley M. Thimmesch
Yonkee Toner
P.O. Box 6288
319 W. Dow St.
Sheridan, WY 82801

James C. Worthen
Hall and Evans, LLC
508 W 27th St.
Cheyenne, WY 82001

James E. Fitzgerald